### 19511

Robert L. DAVIS, Respondent, v. McAFEE MANUFACTURING COMPANY, and American Insurance Company, Appellants

(192 S. E. (2d) 328)

434

*Duke K. McCall, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville *for Appellants,* 

*Messrs. John Bolt Culbertson and Rodney A. Culbertson,* of Greenville, *for Respondent,* 

October 31, 1972.

Moss, Chief Justice:

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962. There is here involved an appeal by the employer and its insurance carrier from an order of the county court affirming an award of the Industrial Commission in favor of Robert L. Davis, the respondent herein.

The record shows that the respondent suffered a work related injury on February 5, 1970, while employed by McAfee Manufacturing Company and his claim for compensation was settled by agreement as to the payment of

benefits. He continued under the care of his attending physician until March 8, 1971, when he was discharged as having reached maximum healing with a five percent bodily permanent impairment. His employer, on March 19, 1971, filed an application to stop payment of compensation and this was granted by the Commission on April 5, 1971, effective as of March 8, 1971. Upon application of the employee, a hearing was held on June 10, 1971. The testimony was taken and thereafter on June 25, 1971, the Commissioner found that the respondent was totally disabled from February 5, 1970 through June 10, 1971, and that his disability was continuing; and he was entitled to additional medical care and treatment because he had not reached maximum healing on said date. Thereafter, the appellants filed an application for review by the full Commission and the full Commission, with one commissioner dissenting, affirmed the decision of the single commissioner.

The sole question on appeal is whether or not there was any competent evidence to support the award of the Commission.

■ It is well settled that in Workmen's Compensation cases the Commission is the fact finding body and on appeal the County Court and this Court are limited in their review of the facts to a determination of whether or not there is any competent evidence to support the factual findings of the Commission. It is only where the evidence gives rise to but one reasonable inference that the question becomes one of law for the court to decide. *Arnold v. Benjamin Booth Co.*, 257 S. C. 337, 185 S. E. (2d) 830.

■ No useful purpose would be served by reviewing the testimony in detail. It is sufficient to say that it is ample to sustain the factual conclusions of the Commission.

The exceptions of the appellants are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.