19877

Matthew George SMITH, By his guardian ad litem, Henrietta D. Smith, Respondent, v. COASTAL TIRE & AUTO SERVICE and American Mutual Liability Insurance Company, Appellants.

(207 S. E. (2d) 810)

78

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, *for Appellants,*

*Messrs. Moss, Carter & Branton,* of Beaufort, *for Respondent,*

August 12, 1974.

Moss, Chief Justice:

The respondent, Matthew George Smith, was a sixteen year old student at Brandon Hall School in Dunwoody,

Georgia, and had come home on March 20, 1970, for a ten day spring vacation with his parents. His father was the owner and operator of a business known as Coastal Tire and Auto Service. The respondent apparently did some yard work for his sister during the first several days of his vacation. There is testimony that the respondent went to his father's place of business on March 25, 1970, and the bookkeeper there was told to place his name on the payroll of Coastal Tire and Auto Service at the rate of 90¢ per hour for the rest of his vacation period. The bookkeeper testified that the respondent worked from 8:00 A.M. until 1:00 P.M., and that on June 18, 1971, she issued a check to the respondent for the sum of $4.18 in payment for salary for March 26, 1970. At approximately 1:00 P.M the respondent went to lunch with his father and two visiting salesmen. The respondent was injured at about 2:30 P.M. when the automobile operated by his father, and in which he was riding, was struck by another car. At the time the respondent was assisting his father in testing the automobile.

On January 21, 1971, a claim for benefits under the Workmen's Compensation Act was filed in behalf of the respondent. The case was heard before a Single Commissioner who thereafter filed an opinion and award finding that an employer-employee relationship existed between the respondent and Coastal Tire and Auto Service. The Full Commission affirmed this award. An appeal to the Court of Common Pleas for Beaufort County followed, and the case was heard by the Honorable Wade S. Weatherford, presiding judge, who issued his order affirming the Full Commission and dismissing the appeal. This appeal followed.

The sole contention of the appellant is that the respondent was a casual employee and as such, not entitled to benefits under the Workmen's Compensation Act.

In considering the foregoing question it must be kept in mind that the courts have generally considered it inadvisable to attempt to give a general definition of a ":casual em-

ployee", and each case must be decided largely upon its own facts.

George A. Smith, the owner of Coastal Tire and Auto Service, and the father of the respondent, in describing how his son worked stated:

"A. Well he worked spasmodically; whenever he had the time, he'd come down and work. He didn't work eight hours a day such as most people do. When he had things he wasn't doing at home or wanted to do otherwise, he would come down and work. He might work all day one day and two or three hours another."

The father in describing his son's employment testified that he did not have any regular schedule to work, like most men; that he didn't come to work at 8:00 like everybody else; and he didn't have to come to work any particular day or time and this was up to him, because he was a part-time employee.

In response to questions concerning the records pertaining to the prior employment of the respondent, his father testified as follows:

"Q. But you never did maintain any records on Matthew?

"A. Not on him, no, sir, because he was there so infrequently.

"Q. He was there so infrequently?

"A. Uh huh. I mean by that he wasn't a regular—it wasn't a regular schedule. When he felt like it and wanted to come down, why I'd—he could come down. That's one reason we didn't keep accurate records like we did the other employees.

"Q. You mean if he had something he wanted to do a given week, he might not come down?

"A. That's right. See, he was still going to school and he was too young to—to put in a full day's schedule."

The bookkeeper for Coastal Tire and Auto Service testified that in making the Employer's Quarterly Social Security Return for the period in which the respondent was

allegedly employed, she had overlooked including him as an employee, but this was corrected in a later return. In addition to the $4.18 payment on June 18, 1971, it appears from the other exhibits that the respondent was paid by Coastal Tire and Auto Service certain sums for special labor and cutting grass on March 22, 1969, and May 11, 1969.

It was stipulated by the parties that:

"The employment relationship was quite flexible. The claimant had no specified days or time when he was required to report for work. In essence, he could show up when he felt like it and work for as long or as short a period as he chose."

"Employment is 'casual' when it is irregular, unpredictable, sporadic and brief in nature." 1A Larson, Workmen's Compensation Law, Section 51.00, p. 909. Casual employment is defined in Black's Law Dictionary, Rev. 4th Ed., p. 275, as "(e)mployment at uncertain times or irregular intervals * * * by chance, fortuitously, and for no fixed time * * * not in usual course of trade, business, occupation or profession of employer * * * for short time * * * occasional, irregular or incidental employment. * * *"

Under our decisions a casual employee is excluded from coverage although the work being done is in the course of his employer's business or occupation. *Jolly v. Atlantic Greyhound Corp.,* 207 S. C. 1, 35 S. E. (2d) 42, and *Benbow v. Edmunds High School,* 220 S. C. 363, 67 S. E. (2d) 680.

The meaning of the term "casual" may be more clearly understood by referring to its antonyms, which are "regular", "systematic", "periodic", and "certain". It has been held that where employment cannot be characterized as permanent or periodically regular, but occurs by chance, or with the intention and understanding on the part of both employer and employee that it shall not be continuous, it is casual. 99 C. J. S. Workmen's Compensation § 69, p. 287.

The only reasonable conclusion that can be drawn from the evidence in this case is that the respondent was not a regular employee of Coastal Tire and Auto Service, because he worked on a most irregular, spasmodic and sporadic basis primarily as he himself chose to do. The employer here had no control as to when and how long the respondent would work. When he did work, it was at uncertain times and irregular intervals and only for a short period of time. We conclude that the respondent was a casual employee, and as such he is not entitled to benefits under the Workmen's Compensation Act.

The judgment of the lower court is reversed and the case remanded thereto for entry of judgment in favor of the appellants.

Reversed.

BRAILSFORD and LITTLEJOHN, JJ., concur.

LEWIS and BUSSEY, JJ., dissent.

LEWIS, Justice (dissenting):

Being of the view that the judgment below should be affirmed, I most respectfully dissent. The claimant-employee went to work at his father's place of business on the afternoon of Wednesday, March 25, 1970, and as of the morning of March 26 was ordered placed on the regular payroll of the father's business for the remainder of the son's vacation period. In the early afternoon of March 26, when about the business of the employer, both father and son were seriously injured in an automobile accident; the injuries to the son requiring quite extensive and expensive medical treatment.

For at least two years prior to March, 1970 the son from time to time was employed in and about the father's business when not in school. On occasion he was paid by business check, but on other occasions the father paid the son in cash and made no record thereof. Inferentially, the latter was particularly true when the son had only worked several

hours. Admittedly, and as stipulated, the past employment relationship was quite flexible, such relationship having commenced when the son was only 14 years of age. The father testified, however, that in view of the son's interest in working in the business and his attained age in 1970, he contemplated that his son would become a full-time employee during the next summer vacation, but that they had made no definite agreement thereabout.

Apparently this Court has had occasion to consider or discuss what constituted a "casual employee" within the meaning of our Workmen's Compensation Act in only four cases, to wit: *Ward v. Ocean Forest Club, Inc.,* 188 S. C. 233, 198 S. E. 385; *Jolly v. Atlantic Greyhound Corp.,* 207 S. C. 1, 35 S. E. (2d) 42; *Benbow v. Edmunds High School,* 220 S. C. 363, 67 S. E. (2d) 680; and *DeBerry v. Coker Freight Lines,* 234 S. C. 304, 108 S. E. (2d) 114. In the *DeBerry* case the three earlier, cited decisions were summarized and reviewed.

Due to differences in statutory language and the construction thereof in the various jurisdictions, decisions from other jurisdictions are not particularly helpful in determining just what constitutes a "casual employee" within the meaning of our act, Contrary to the conclusion reached by this Court in the *Jolly* case, it would appear that most jurisdictions apply the exemption with respect to a casual employee only when the employment is both casual and outside the usual business of the employer. Larson's Workmen's Compensation Law, Section 51. Apropos of the difficulty encountered in defining the term "casual employee", in the absence of a statutory definition of that term, I quote the following language from Larson's,

"In a few instances, an arbitrary statutory test of 'casual' employment is supplied, but in the great majority of jurisdictions, the courts have been expected to evolve a workable formula from this single ambiguous word. It is not surprising that the results have been less than satisfactory, and that

several of the major compensation law states have taken the lead in deliberately eliminating the exclusion."

None of the cited South Carolina decisions is precisely in point factually with the instant case, but I conclude that the latest thereof, *DeBerry*, is more nearly in point both factually and in principle than any of the others. Both *Jolly* and *Benbow*, strongly relied upon by the appellants, are clearly distinguishable on the facts. In both *Ward* and *Jolly* it was recognized that the adjective "casual", in the absence of a statutory definition of the term, should be given the meaning of the usual and ordinary definition of that work by the lexicographers. In *Ward* we quoted from Webster the definition of "casual" as "happening without design and unexpectedly, coming without regularity, occasional." In *Jolly* we quoted the definition of "casual" from Webster's New International Dictionary Second Edition, 1939, as follows: "Happening or coming to pass without design, and without being foreseen or expected; coming by chance; coming without regularity; occasional; accidental."

In Webster's Third New International Dictionary, 1961, the adjective "casual" is defined as follows: "1 a: Subject to or produced as a result of chance, b: occurring, appearing or singled out by chance or without calculated intent; without specific motivation, special interest, or constant purpose, c: without foresight, plan or method; not considered."

In the *Ward* case, the Court quoted with approval the following from an annotation in 33 A. L. R. 1453,

"An employment is not rendered casual because it is not for any specified length of time, or because the injury occurs shortly after the employee begins work. *Industrial Commission v. Funk*, 1920, 68 Colo. 467, 191 P. 125. Nor does the fact that an injured employee was hurt upon the first day of his employment afford a test to determine whether his employment was casual. *Doherty v. Grosse Isle Twp.*, 1919, 205 Mich. 592, 172 N. W. 596."

In the *DeBerry* case the claimant was employed by one, Jordan, as a truck driver. Jordan as owner of a truck leased both the truck and the driver, DeBerry, to Coker for the purpose of transporting a load of plywood from Sumter, South Carolina to Lodi, New Jersey, and other points. The driver was injured while unloading plywood in Lodi, New Jersey. Contrary to the contention of Coker, this Court held that DeBerry was an employee of Coker; that he was not a casual employee and was entitled to compensation. We quote the following pertinent language from the opinion in *DeBerry*.

"The respondent, pursuant to an agreement, drove a truck to transport goods, which was in the course of the trade and business of Coker Freight Lines, Inc. His employment did not happen by chance or accident. It was the result of an agreement between the parties to perform a part of the regular service and business of Coker. The fact that the respondent was injured shortly after his employment began does not make him a casual employee.

\* \* \*

"We think that the Industrial Commission and the trial Judge were correct in holding that the respondent was not a casual employee of Coker Freight Lines, Inc. If we had any doubt, which we do not, that the respondent was within the coverage of the Compensation Act, in order to effectuate the basic purpose of said act, we must resolve that doubt in favor of the respondent and find that he is covered by the said act. Doubt as to whether an employee is covered by the said act must be resolved in favor of coverage rather than exclusion. *Ham v. Mullins Lumber Company*, 193 S. C. 66, 7 S. E. (2d) 712; *Adams v. Davison-Paxon Company*, 230 S. C. 532, 96 S. E. (2d) 566."

Here, as in *DeBerry*, the employment was for a relatively brief period of time, but such did not happen by chance or accident. As in *DeBerry* it was the result of an agreement between the parties to perform services in the regular business of the employer and the fact that the claimant was in-

jured shortly after his employment began does not make him a casual employee within the meaning of the act. Here as in *DeBerry* any doubt as to coverage has to be resolved in favor of coverage.

Admittedly there are definitions of the word "casual", both dictionary and judicial, which if applied to the facts of this case would lead to excluding claimant from coverage. At the same time there are the usual and well accepted definitions of that term, both dictionary and judicial which, if applied, would result in a holding of coverage as is clearly demonstrated by the opinion of Mr. Justice Moss, now Chief Justice, in the *DeBerry* case. To avoid confusion on the part of the commission, the trial bench and the bar this Court should be consistent as to which definition or definitions of the word "casual" should be applied in determining whether a particular employee is a casual one.

Under the well established rule that any doubt as to coverage has to be resolved in favor of coverage rather than exclusion, it seems to me that we are bound to arrive at a conclusion of coverage since, in fact, there are well accepted definitions of the term "casual" which, if applied here, would result in coverage. The definition of the word "casual" most commonly accepted by lexicographers and others, briefly and simply stated, is that which occurs by chance or accident. Such is the primary definition. While our decisions have recognized the existence of other and secondary definitions, we have not till now, rejected the primary and most commonly accepted definitions, and resorted to a secondary one to arrive at an exclusion from coverage.

While no two cases are precisely alike I conclude that the rationale of the *DeBerry* case is controlling here and that there was no error on the part of the Industrial Commission, or the circuit judge in holding that the claimant was not a casual employee.

BUSSEY, J., concurs.