20059

Levine L. PRIVETTE, Respondent, v. SOUTH CAROLINA STATE FORESTRY COMMISSION, and State Workmen's Compensation Fund, Appellants.

(217 S. E. (2d) 25)

*Messrs. Daniel R. McLeod, Atty. Gen., Richard B. Kale, Jr.,* and *Harwick Stuart, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellants,*

*C. Rouse Pusser, Jr., Esq.,* of Chesterfield, *for Respondent,*

July 11, 1975.

Moss, Chief Justice:

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.*, of the Code. There is here involved an appeal by the State Forestry Commission and the State Workmen's Compensation Fund from the order of the circuit judge affirming an award of the S. C. Industrial Commission in favor of Levine L. Privette, the respondent herein.

The S. C. State Forestry Commission has under its control some 90,000 acres of land known as Sand Hills State Forest, located in Chesterfield and Darlington counties. Its operation involves the growing of timber, wildlife management, recreation and various other forestry practices, all of which is pursuant to Section 29-1 *et seq.*, of the Code. One of the primary purposes of the Sand Hills State Forest is to plant trees, and this necessarily involves the clearing of land and site preparation. Some of this work is done by the Forestry Commission with its own equipment, but major site preparation is done by contract with third parties.

After due advertisement, the director of Sand Hills State Forest accepted the low bid of one Burris Taylor, who was to furnish a tractor and an operator at $22.00 per hour for a minimum of fifty hours of work in land clearance. Thereafter, Burris Taylor subcontracted this work to his brother, Keith Taylor, who had the equipment to do the work. There is some testimony that the director of the Sand Hills State Forest understood that Burris Taylor and Keith Taylor were partners, and it is undisputed in the record that at one time they were partners, but such was terminated in the early part of 1971. Keith Taylor testified that he owned his

own equipment and that it was operated either by him or his son and that he never hired anyone else to operate it.

It appears that Levine L. Privette owned certain tractor equipment and did private contract work. In so doing it was necessary for him to move his equipment from one job site to another. Keith Taylor, on occasions, would do this for him, charging $1.00 per mile for such service. Privette, when requested by Keith Taylor, would repay him by operating Taylor's equipment at $30.00 per day, and this would be credited upon what Privette owed Taylor.

The testimony is clear that Privette worked at the Sand Hills State Forest only on two occasions. We quote his own testimony thereabout:

"Q. What was the first date you worked at the Sand Hills State Forest?

"A. Somewhere in the neighborhood of July 20 or 21st, I don't remember, it was somewhere in there.

"Q. Was that before you were injured?

"A. Yes, sir.

"Q. Now, how did you happen to work there on the 20th and 21st?

"A. Keith called me up and said he wanted to go to the doctor the next day and asked if I would go down and run his equipment so he could get off and go to the doctor."

It is admitted that on July 30, 1971, Privette was injured while operating the equipment belonging to Keith Taylor. We quote again from his testimony the following:

"Q. How did you happen to be operating his equipment on the date of the accident?

"A. He called me on the night of the 29th and said he had to go back to the doctor, and it had been raining and he asked me if I could go down and take over for him and work his equipment that day, and I told him I could."

The respondent filed a claim for workmen's compensation benefits alleging that he was a statutory employee of the

State of South Carolina, because he was working for Keith Taylor, a subcontractor of the S. C. State Forestry Commission. He further asserted that at the time of his accidental injury to his ankle, he was engaged in clearing land and that this activity was in the course and scope of his employment and an integral part of the business of the S. C. State Forestry Commission.

The appellants denied liability on the grounds that: (1) The respondent was not an employee of Keith Taylor because he was working off a debt and received no actual payment from Taylor, thereby eliminating any employer-employee relationship; (2) The respondent, if an employee of Taylor, was at most a casual employee; and (3) The respondent was an independent contractor.

A hearing was held before a Single Commissioner on October 11, 1972. This commissioner, on March 16, 1973, filed his decision holding that the respondent sustained an injury by accident to his left ankle arising out of and in the course of his employment with Keith Taylor, who was a subcontractor of Burris Taylor, who was a subcontractor of the appellants. Based upon this finding of fact, compensation was awarded.

The appellants prosecuted an appeal to the Full Commission and by appropriate exceptions challenged the correctness of the findings of the Single Commissioner, asserting that there was no employer-employee relationship between the respondent and Keith Taylor; and further, that if such a relationship was found to exist, then the claimant was only a casual employee of Keith Taylor. The findings of the Single Commissioner were affirmed by a majority of the Full Commission. Thereafter, an appeal was duly taken by the appellant to the Court of Common Pleas for Chesterfield County, and was heard by the Honorable James A. Spruill, Jr., Presiding Judge, who issued his order affirming the decision of the commission. Timely appeal to this Court followed.

The appellants contend, *inter alia,* that the respondent was a casual employee and as such, is not entitled to any benefits under the Workmen's Compensation Act.

It is well settled that in Workmen's Compensation cases the commission is the fact finding body and on appeal we are limited in our review of the facts to a determination of whether or not there is any competent evidence to support the factual findings below. It is only where the evidence gives rise to but one reasonable inference that the question becomes one of law for the court to decide. *Davis v. McAfee Manufacturing Co.,* 259 S. C. 433, 192 S. E. (2d) 328.

We have reviewed the entire record in this case and find that the only reasonable conclusion that can be determined from the evidence is that the respondent was a casual employee, and as such is not entitled to benefits under the Workmen's Compensation Act.

Sections 72-11 and 72-107 of the Code exclude casual employees from any coverage under the Workmen's Compensation Act.

In considering the question of whether one is a casual employee, it must be kept in mind that the courts have generally considered it inadvisable to attempt to give a definition of "casual employee", and each case must be decided largely upon its own facts.

In *Smith v. Coastal Tire & Auto Service,* 263 S. C. 77, S. E. (2d) 810, we said:

"Employment is 'casual' when it is irregular, unpredictable, sporadic and brief in nature." 1A Larson, Workmen's Compensation Law, Section 51.00, p. 909. Casual employment is defined in Black's Law Dictionary, Rev. 4th Ed., p. 275, as "(e)mployment at uncertain times or irregular intervals * * * by chance, fortuitously, and for no fixed time * * * not in usual course of trade, business, occupation or

profession, of employer :. : . for short time \* \* \* occasional, irregular. or incidental employment. \* \* \*"

Under our decisions a casual employee is excluded from coverage although the work being done is in the course of his employer's business or occupation. *Jolly v. Atlantic Greyhound Corp.*, 207 S. C. 1, 35 S. E. (2d) 42, and *Benbow v. Edmunds High School*, 220 S. C. 363, 67 S. E. (2d) 680. The meaning of the term "casual" may be more clearly understood by referring to its antonyms, which are "regular", "systematic", "periodic", and "certain". It has been held that where employment cannot be characterized as permanent or periodically regular, but occurs by chance, or with the intention and understanding on the part of both employer and employee that it shall not be continuous, it is casual. 99 C. J. S. Workmen's Compensation § 69, p. 287.

As is heretofore stated, the respondent owned his own equipment and did private contract work. It was his practice to submit bids for jobs and if accepted, to do the work himself.

The respondent's employment by Taylor for a brief period of time, portions of two days was strictly chance employment in order to allow Taylor to visit his doctor. Had Taylor not been required to go to a doctor, the respondent would not have been employed. The respondent's employment by Taylor certainly was not permanent or periodically regular, but occurred with the intention and understanding on the part of both that the respondent was merely "filling in". It further appears that if the respondent had had work of his own, he would not have been able to substitute for Taylor. The evidence and facts revealed by this record convince us that the only reasonable conclusion is that the temporary, fortuitous and unanticipated employment of the respondent was, at best, casual employment.

We conclude that the respondent was a casual employee and as such is not entitled to benefits under the Workmen's Compensation Act. The lower court was in error in not so holding.

The judgment of the lower court is reversed, and this case remanded thereto for entry of judgment in favor of the appellants.

Reversed and remanded.

LITTLEJOHN and NESS, JJ., concur.

LEWIS and BUSSEY, JJ., dissent.

BUSSEY, Justice (dissenting) :

The commission found as a fact that the claimant was an employee of Keith Taylor and hence a statutory employee of the appellant at the time of his injury and entitled to compensation. Such finding of fact, in my opinion, had abundant support in the evidence and is accordingly binding upon this Court. It is true that portions of the testimony of Keith Taylor, particularly when considered in the light most favorable to the appellant, would support the conclusion that the claimant was only a casual employee, but his testimony is not the only relevant evidence and moreover such is not entirely free of ambiguity.

To show the sufficiency of the evidence to support the finding that the claimant was an employee of Keith Taylor, and not merely a casual one, it is sufficient to note only the following testimony of the claimant himself.

"Q. Mr. Privette, how long had you been working for Mr. Taylor?

"A. I had been working for him right at a year at that time.

"Q. About how many days a week did you average working for him during the year?

"A. I would average about twenty-five or thirty hours a week, because a lot of times I was working a solid week on jobs and then maybe a week I wouldn't work for him.

"Q. And he paid you at the rate of $40.00 a day?

"A. Yes, sir, unless I worked my equipment and then he would pay me so much for it."

The findings of fact by the hearing commissioner and the full commission being clearly supported by the evidence, the judgment should be,

Affirmed.

LEWIS, J., concurs.