0430

Robert Eddie BIGHAM, Respondent, v. NASSAU RECYCLE CORPORATION, Appellant.

(328 S. E. (2d) 663)

Court of Appeals

---

*Clarke W. DuBose,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for appellant.*

*J. Leeds Barroll, IV,* Columbia, *for respondent.*

Heard Feb. 18, 1985.

Decided April 3, 1985.

SANDERS, Chief Judge:

This is an appeal from an order denying summary judgment. We remand.

The record before us on appeal consists of the pleadings, a deposition and three affidavits. The following appears from this record:

Respondent Robert Eddie Bigham was employed by Wrenn Brothers, Inc., as a forklift mechanic. Appellant Nassau Recycle Corporation is in the business of recycling telephone

equipment and owns forklifts which it uses in carrying on its business. Nassau engaged Wrenn Brothers to supply two mechanics to work on Nassau's forklifts at its place of business. Bigham was one of the mechanics supplied.

Bigham alleges he was injured while getting on a forklift owned by Nassau "pursuant to his repair duties." He collected Workers' Compensation benefits as an employee of Wrenn Brothers. Bigham then brought this suit in tort against Nassau alleging it was negligent in causing his injury. Nassau pleaded as an affirmative defense that it was a "statutory employer" of Bigham and his exclusive remedy is therefore, pursuant to the South Carolina Workers' Compensation Act, as provided by Section 42-1-540, 1976 Code of Laws of South Carolina. Nassau then moved for summary judgment on this ground, relying on facts contained in the affidavits and deposition to which we have previously referred. The trial judge denied Nassau's motion holding that whether Nassau was a statutory employer of Bigham was a question of fact for the jury.

In ruling on a motion for summary judgment, the court must view the evidence and all inferences which can be drawn therefrom in the light most favorable to the party resisting the motion. *Tom Jenkins Realty, Inc. v. Hilton*, 278 S. C. 624, 626, 300 S. E. (2d) 594 (1983). The motion should be granted only where there is no genuine issue as to any material fact that further inquiry into the facts is not desirable. *Coleman v. Shaw*, 281 S. C. 107, 110-111, 314 S. E. (2d) 154, 156 (1984).

Nassau argues that it was a statutory employer of Bigham as a matter of law because he was an employee of its subcontractor, Wrenn Brothers. In support of its argument, Nassau cites Sections 42-1-400, *et seq.*, 1976 Code of Laws of South Carolina. We reject this argument. The provisions of the Act cited are applicable only if the work being performed by Bigham was a part of Nassau's "trade, business or occupation." *See Wilson v. Duke Power Co.*, 273 S. C. 610, 258 S. E. (2d) 101 (1979). The record contains conflicting assertions on this point. For example, Bigham says in his affidavit he was told by both Wrenn Brothers and Nassau personnel that the repair work he was doing "was similar to warranty work." He says further that Nassau personnel told him Nassau had no one competent "to repair this equipment." On

the other hand, a Nassau official testified in his affidavit "that the repair work performed by Wrenn Brothers was also performed by Nassau's own employees." In view of these conflicting assertions of fact, the trial judge properly denied Nassau's motion for summary judgment.[1]

The trial judge erred, however, in holding that this factual dispute was one for the jury to resolve. Bigham concedes this error. *See Adams v. Davison-Paxon Co.*, 230 S. C. 532, 96 S. E. (2d) 566, 571 (1957) ("[W]hether the claim of an injured [worker] is within the jurisdiction of the Industrial Commission is a matter of law for decision by the court, which includes the findings of the facts which relate to jurisdiction."). For this reason, we remand for a determination by the trial judge as to whether Nassau was a statutory employer of Bigham as provided by the South Carolina Workers' Compensation Act.

Remanded.

SHAW and BELL, JJ., concur.

---

[1] Nassau argues that Bigham's assertion of what he was told about the nature of the work is inadmissible hearsay. While it may be true that he would be prohibited from testifying on trial as to what he was told outside of court, the assertion contained in his affidavit at least make further inquiry into the facts desirable.