23667

Effie Arlene BELL, Mary Wright and Brenda Staley on behalf of Larry Bell, deceased employee, and James Davis and Norman Weston, Claimants v. SENN TRUCKING COMPANY OF NEWBERRY, South Carolina and/or Senn Trucking Company of Georgia, Inc., Employers, and Liberty Mutual Insurance Company, South Carolina Second Injury Fund, Georgia Insurers Insolvency Pool, and Hartford Indemnity and Casualty Insurance Company, Defendants, of whom Senn Trucking Company of Newberry, South Carolina and Senn Trucking Company of Georgia, Inc., are Respondents, and Georgia Insurers Insolvency Pool is Appellant. Appeal of GEORGIA INSURERS INSOLVENCY POOL.

(418 S.E. (2d) 310)

Supreme Court

*Kenneth W. Harrell,* Charleston, *for appellant.*

*Joseph Hudgens* of *Pope and Hudgens,* Newberry, and *Neal W. Dickert* of *Hull, Towill, Norman & Barrett,* Augusta, Ga., *for respondents.*

Heard April 20, 1992.

Decided June 8, 1992.

HARWELL, Chief Justice:

This is a workers' compensation case. Appellant Georgia Insurers Insolvency Pool (Georgia Pool) alleges that the trial judge erred in affirming the South Carolina Workers' Compensation Commission's determination that the Georgia Pool is obligated to provide benefits to claimants Larry Bell, James Davis, and Norman Weston for injuries they sustained in the course and scope of their employment. We affirm.

## FACTS

Senn Trucking Company of Georgia, Inc. (Senn of Georgia) and Senn Trucking Company of Newberry, South Carolina (Senn of Newberry) are affiliated companies operating terminals in Georgia and South Carolina. Senn of Newberry provides administrative and clerical support for the affiliated companies. Senn of Georgia owns and operates the trucking fleet and employs truck drivers for the affiliated companies.

Claimants are all truck drivers who resided in South Carolina and worked out of the Newberry terminal at the time they were injured. The Georgia Pool is an organization created by the Georgia General Assembly to provide coverage for benefits owed to insureds by insurers authorized to write casualty or property insurance in Georgia who become insolvent.

Senn of Georgia contracted with Anglo-American Insurance Company (Anglo-American) to provide workers' compensation insurance for its truck drivers. The policy contained an all states endorsement for the purpose of including coverage for truck drivers operating in other states, including South Carolina. Claimants sustained compensable injuries in South Carolina during the 1988-1989 policy period. However, subsequent to the time that claimants were injured, Anglo-American was declared insolvent and placed in liquidation. Consequently, various parties to the initial workers' compensation proceedings moved to join the Georgia Pool as a defendant on the grounds that the Georgia Pool had statutory responsibility for administering claims covered by Anglo-American's policies.

Separate hearings regarding claimants' injuries were held before a single Commissioner of the South Carolina Workers' Compensation Commission in July 1990. The Georgia Pool alleged that because claimants worked out of the Senn of Newberry terminal, Senn of Newberry was responsible for providing workers' compensation benefits as claimants' employer. Senn of Newberry asserted that claimants were employed by Senn of Georgia, and that the Georgia Pool was responsible for paying benefits due claimants under the Anglo-American policy. The single Commissioner determined that claimants were employed by Senn of Newberry, not Senn of Georgia, and that Senn of Newberry was liable for payment for benefits to claimants.

On appeal to the Full Commission, the Commissioners found that Senn of Newberry was liable for payment of benefits to the claimants. The Full Commission also held that, because Anglo-American contracted to provide coverage to claimants, Anglo-American was primarily liable for the claims, and Senn of Newberry was entitled to indemnification from the Georgia Pool for any workers' compensation payments that Senn of Newberry made to claimants.

The Georgia Pool appealed to the Newberry County Court of Common Pleas. The trial judge held that as between Senn of Georgia and Anglo-American, claimants were employees of Senn of Georgia, and thus covered by the Anglo-American workers' compensation policy. The trial judge consequently affirmed the order of the Full Commission.

## II. DISCUSSION

The Georgia Pool first asserts that it is not amenable to suit in South Carolina under the South Carolina long-arm statute, S.C. Code Ann. § 36-2-803 (1976). We disagree.

South Carolina's long-arm statute provides that a court may exercise personal jurisdiction over a person who contracts to insure any person, property or risk located in South Carolina at the time of contracting. S.C. Code Ann. § 36-2-803(1)(f) (1976). Anglo-American is subject to *in personam* jurisdiction in South Carolina because it contracted with Senn of Georgia to insure a risk in South Carolina. The Georgia legislature requires the Georgia Pool to assume the obligations of an insolvent insurer in regard to covered claims for a specified period following the date an insurer is determined to be insolvent. Ga. Code Ann. § 33-36-9 (1990). The Georgia Pool is "deemed to be the insurer for such period with respect [to] and to the extent of the claims with all the rights, duties, and obligations of the insolvent insurer. . . ." *Id.* Moreover, as a condition of doing business in Georgia, an insurer is deemed to have appointed the Georgia Pool as its agent with respect to the investigation, adjustment, compromise, and settlement of covered claims in the event the insurer becomes insolvent. *Id.* § 33-36-13.

Based on the plain language of the Georgia Code, once Anglo-American became insolvent, the Georgia Pool became subject to the jurisdiction of the courts of this State as Anglo-American's alter-ego and agent. We find that the trial judge did not err in holding that the Georgia Pool is subject to *in personam* jurisdiction in South Carolina.

The Georgia Pool next asserts that the workers' compensation benefits sought by claimants are not "covered claims" within the meaning of Ga. Code Ann § 33-36-3(2) (1990). We disagree.

The Georgia Pool was created to provide a remedy for covered claims when an insurer becomes insolvent and unable to perform its contractual obligations. *Id.* § 33-36-2. "Covered claims" include those arising out of a casualty insurance policy issued by an insurer authorized to do business in Georgia when the policy was issued or when the insured event occurred. *Id.* § 33-36-3(2)(A). Further, when a claim is made under a workers' compensation insurance policy, either the insured or the third-party claimant must have been a resident of Georgia at the time of the insured event. *Id.* § 33-36-32(2)(B)(v).

A representative of Senn of Georgia testified that even though claimants resided in South Carolina and worked out of the Senn of Newberry terminal, they were considered by the affiliated companies to be Senn of Georgia employees. According to the Georgia Pool, however, claimants were employees of Senn of Newberry, and neither claimants nor Senn of Newberry were residents of Georgia at the time the insured events took place. Thus, the Georgia Pool contends that claimants do not possess "covered claims" as contemplated by section 33-36-32(2).

Given the terms of the policy between Senn of Georgia and Anglo-American, we need not decide whether claimants were employees of Senn of Newberry or Senn of Georgia. Senn of Georgia contracted with Anglo-American to provide workers' compensation coverage for its truck drivers, including claimants, and paid a premium based upon its employee's salaries, including claimants' salaries. Anglo-American was authorized to do business in Georgia when the policy was issued and when the insured events occurred. Senn of Georgia was an insured who was a resident of Georgia at the time the claimants were injured. We find that the trial judge did not err in concluding that the workers' compensation benefits sought by claimants are "covered claims" within the meaning of section 33-36-3(2).

Because we hold that the Georgia Pool is obligated to provide workers' compensation benefits to the extent Anglo-American would be liable were it not insolvent, we need not reach the Georgia Pool's remaining exceptions. The order of the trial judge is

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.