2075

Earl Lee RIDEN and Faye Riden, Respondents v. KEMET ELECTRON-
ICS CORPORATION and Insulation Services, Inc., Defendants, of
whom Kemet Electronics Corporation is Appellant.

(437 S.E. (2d) 156)

Court of Appeals

*V. Clark Price*, of *Love, Thornton, Arnold & Thomason,* Greenville, *for appellant.*

*William A. Jordan*, of *Wilkins & Nelson*, Greenville, *for respondents.*

Submitted September 7, 1993.

Decided September 20, 1993.

GOOLSBY, Judge:

Earl Lee Riden and his wife, Faye Riden, brought this negligence action against Kemet Electronics Corporation and Insulation Services seeking damages for personal injuries and loss of consortium resulting from an explosion that occurred at Kemet's plant. Kemet moved for summary judgment, claiming Riden was its statutory employee as a matter of law and therefore Riden's exclusive remedy was a claim for workers' compensation benefits under S.C. Code Ann. § 42-1-540 (1985).[1] The trial court denied Kemet's summary judgment motion.[2] Kemet appeals. We reverse and remand.

Upon successfully bidding for a cleanup job at Kemet, Insu-

---

[1] S.C. Code Ann. § 42-1-540 states, in pertinent part:

The rights and remedies granted by this [workers' compensation] Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . on account of such injury, loss of service or death.

[2] We should point out that the proper procedure for raising lack of subject matter jurisdiction prior to a trial, as Kemet has done here, is to file a motion to dismiss the action pursuant to Rule 12(b)(1), SCRCP, rather than to bring a motion for summary judgment pursuant to Rule 56, SCRCP. *Woodward v. Westvaco*, 433 S.E. (2d) 890 (Ct. App. 1993). We, therefore, must treat Kemet's Rule 56 motion for summary judgment as a Rule 12(b)(1) motion to dismiss. *Id.*

lation Services hired Riden and several other individuals to perform the cleanup work. Part of Riden's job involved removing tantalum powder, a highly flammable substance, from the air duct system of Kemet's powder blend room. As Riden was removing the tantalum from the duct work, the powder exploded and Riden was injured.

## I.

Kemet claims the trial court erred in denying its motion because Riden, at the time he was injured, was Kemet's statutory employee in accordance with S.C. Code Ann. § 42-1-400 (1985).[3] We agree.

The question of whether a worker is a statutory employee is jurisdictional and is therefore a question of law for the court. *Bigham v. Nassau Recycle Corp.*, 285 S.C. 200, 328 S.E. (2d) 663 (Ct. App. 1985). Any dispute in the facts giving rise to this issue should be resolved by the court, not a jury. *Bargesser v. Coleman Co.*, 230 S.C. 562, 96 S.E. (2d) 825 (1957).

In determining whether Riden's activity at Kemet is sufficient to make him a statutory employee within the meaning of S.C. Code Ann. § 42-1-400, we must consider three factors: (1) whether the activity is an important part of Kemet's trade or business; (2) whether the activity is a necessary, essential and integral part of Kemet's trade, business or occupation; and (3) whether the activity has been performed by employees of Kemet. *Boone v. Huntington and Guerry Electric Co.*, — S.C. —, 430 S.E. (2d) 507 (1993). Only one of these factors must be shown in order for Riden to be considered a statutory employee. *Woodard*, 433 S.E. (2d) at 894. Any doubts as to a worker's status should be resolved in favor of including him or her under the Workers' Compensa-

---

[3] S.C. Code Ann § 42-1-400 states, in pertinent part:

When any person . . . referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (. . . referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

tion Act. *Revels v. Hoechst·Celeanese Corp.*, 301 S.C. 316, 391 S.E. (2d) 731 (Ct. App. 1990).

Kemet's basis for its motion is an affidavit submitted by David Reynolds, a supervisor at Kemet, which states that the work Riden was performing when he was injured was in the course of Kemet's trade, business, profession or occupation.[4] Riden does not dispute the evidence contained in Reynolds' affidavit, rather he claims Reynolds' affidavit is not sufficient for Kemet to meet its burden of proof. After examining Reynolds' affidavit and the record, however, we find the work Riden performed for Kemet was in the course of Kemet's business within the meaning of section 42-1-400. *See Woodard*, 433 S.E. (2d) at 891 (wherein the court reversed the trial court's denial of an employer's motion for summary judgment where it was undisputed that the recovery, storage, and re-processing of "black liquor" was an ordinary and necessary part of the employer's business); *Chew v Newsome Chevrolet, Inc.*, 431 S.E. (2d) 631 (Ct. App. 1993) (wherein the court reversed the trial court's denial of an employer's motion for summary judgment where the facts were undisputed that security services were a necessary part of the employer's general business).

## II.

Kemet also asserts that Riden is not a casual employee for purposes of this action and is therefore not exempt from the Workers' Compensation Act under S.C. Code Ann. §§ 42-1-130 (Supp. 1992)[5] and 42-1-360 (1985).[6] We agree.

---

[4] Reynold's affidavit states, in pertinent part:

> that the duct cleanout was at the time of Mr. Riden's injury done on a regular basis every three months; that this cleanout work was a part of the regular business of Kemet and was necessary and essential to the business because it reduces the risk of fire, property damage, and injury, and because it enables Kemet to recycle the tantalum powder which builds up in the duct work; that the risk of fire is great because like other fine dusts, the ignition of tantalum could cause a dangerous fire flash; that in the past Kemet employees had been utilized to perform this cleanup work.

[5] S.C. Code Ann. § 42-1-130 excludes from the definition of "employee," "a person whose employment is *both* casual *and* not in the course of the trade, business, profession or occupation of his employer. . . ." (Emphasis added.)

[6] S.C Code Ann. § 42-1-360 provides:

> This [workers' compensation] [t]itle shall not apply to . . . [c]asual employees, as defined in Section 42-1-130. . . .

Although the predecessor statutes to section 42-1-130 contained the identical language of the statute as it reads today, the predecessor to section 42-1-360 simply exempted casual employees from the Workers' Compensation Act without any reference whatever to any other section of the Act. Thus, is construing the statutes, the courts exempted "casual" employees from workers' compensation benefits without any regard to whether the worker's activity was in the course of the employer's trade, business, profession or occupation. *See Jolly v. Atlantic Greyhound Corp.*, 207 S.C 1, 35 S.E. (2d) 42 (1945) (wherein the court held that a worker, because his employment was "casual," was excluded from receiving workers' compensation benefits even though the work he performed was in the course of his employer's business or occupation); *Benbow v. Edmunds High School*, 220 S.C. 363, 67 S.E. (2d) 680 (1951) (wherein the court, in construing the workers' compensation statutes, considered only whether an employee was "casual" to determine if he was entitled to workers' compensation benefits).

In 1974, however, the legislature, presumably to clarify the inconsistent provisions, added to section 72-107, the predecessor to section 42-1-360, the language "as defined in Section 72-11, [the predecessor to section 42-1-130]."

Thus, the test to determine whether Riden is excluded ■ from coverage under the Workers' Compensation Act is now two-pronged. We must consider (1) whether Riden's work for Kemet was casual; and (2) whether Riden was performing work for Kemet that was not in the course of Kemet's trade, business, profession or occupation. S.C. Code Ann. § 42-1-130 (Supp. 1992). *See Smith v. Coastal Tire and Auto Service*, 263 S.C. 77, 207 S.E. (2d) 810 (1974) (wherein the court, in determining whether an injury that took place in 1970 was covered under workers' compensation, only considered whether the worker's employment was casual); *Privette v. S.C. State Forestry Comm'n*, 265 S.C. 117, 217 S.E. (2d) (1975) (wherein the court considered only whether a workers' employment was casual for a cause of action that arose in 1971).

Under the analysis that must now be used, Riden will be excluded from receiving workers' compensation benefits only if his work was casual *and* not in the course of Kemet's busi-

ness. Because, as we stated above, Riden's employment was within the course of Kemet's business, Riden is necessarily included under the workers' compensation provisions and is therefore precluded from bringing the instant action.

We therefore reverse the trial court's denial of Kemet's motion to dismiss for lack of subject matter jurisdiction and remand with instructions that the trial court enter judgment dismissing this action.

Reversed and remanded.[7]

HOWELL, C.J., and CURETON, J., concur.

---

[7] Because oral argument would not aid the Court in resolving the issues, we decided this case without oral argument.