THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Perry H. Burrows, Employee, Claimant,       
Respondent,
 
 
 

v.

 
 
 
Postons Auto Service, Employer,       
Respondent,
 
 
 

and

 
 
 
SC Uninsured Employers Fund, Carrier,       
Appellant.
 
 
 

Appeal From Florence County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2003-UP-689
Heard June 10, 2003- Filed December 
 2, 2003
Withdrawn, Substituted and Refiled January 
 28, 2004

AFFIRMED

 
 
 
Robert M. Cook II, of Batesburg-Leesville; for Appellant.
Laverne Poston, of Pamplico, and Steven Eric Goldberg, of 
 Charleston; for Respondents.
 
 
 

PER CURIAM:  Perry Burrows filed a workers 
 compensation claim against Postons Auto Service (Employer) and served both 
 Employer and the South Carolina Workers Compensation Uninsured Employers Fund.  
 The single commissioner and a divided appellate panel of the full commission 
 denied the claim on the basis that Employer was not subject to the Workers 
 Compensation Act because he did not employ four or more workers.  The circuit 
 court reversed, and the fund appeals.  We affirm.
FACTS
Burrows suffered burns while performing 
 duties within the course and scope of his employment.  Employer was a small 
 sole proprietorship engaged in the automobile repair business and had no workers 
 compensation insurance.  The sole issue before both the single commissioner 
 and the full commission focused on the number of workers employed.  
After the single commissioner found that the claim 
 was not compensable, Burrows appealed to the full commission, but served only 
 the fund.  The full commission affirmed and found the fund had no liability.  

Burrows appealed to the circuit court and once 
 again did not serve notice of the appeal directly on Employer.  His failure 
 to serve notices of appeal on Employer did not surface until after the circuit 
 court held its initial hearing on the merits.  After the lack of service was 
 brought to the courts attention, the court ruled that Employer should be dismissed 
 because of lack of proper notice.  On the merits of the case, the court reversed 
 the commissions finding that Employer was not subject to the Act and remanded 
 the case to the full commission for appropriate action.  
ISSUES

I.       Did the circuit court err in failing to dismiss the 
 fund because of Burrows failure to serve notice of the appeal to the circuit 
 court on Employer?  
II.      Did the circuit court err in finding Employer was 
 subject to the Workers Compensation Act because there were four or more employees?  

LAW/ANALYSIS
I.
The fund first contends the circuit court erred in 
 entertaining the appeal because Burrows failure to serve notice of appeal to 
 the circuit court on Employer deprived the court of either subject matter jurisdiction 
 or, alternatively, of jurisdiction over a necessary party to the appeal.  The 
 linchpin of this argument is the funds contention that it is only derivatively 
 liable and as such cannot be held responsible after the employer has been dismissed 
 as a party.  
Timely service of the notice of appeal is a jurisdictional 
 requirement.  See Conner v. City of Forest Acres, 348 S.C. 454, 
 461, 560 S.E.2d 606, 609 (2002) (finding service of the notice of appeal is 
 a jurisdictional requirement).  Therefore, if the funds contention that it 
 is only derivatively liable is correct, its argument that it is discharged from 
 liability if Employer is dismissed has much appeal.  See generally Andrade 
 v. Johnson, 345 S.C. 216, 227, 546 S.E.2d 665, 670 (Ct. App. 2001) (holding 
 covenant not to sue agent released vicariously liable principal), revd in 
 part on other grounds, Op. No. 25738 (S.C. Sup. Ct. filed Oct. 27, 2003) 
 (Shearouse Adv. Sh. No. 39 at 15).  To determine whether the general rule is 
 applicable in this circumstance, we must resort to the statutory scheme governing 
 the fund.  However, the statute creating the fund does not specifically state 
 whether the fund is principally or only derivatively or vicariously liable.  
 S.C. Code Ann. § 42-7-200 (Supp. 2002). 
The cardinal rule of statutory construction is 
 that a court must ascertain and give effect to the legislatures intent.  Charleston 
 County Sch. Dist. v. State Budget and Control Bd., 313 S.C. 1, 5, 437 
 S.E.2d 6, 8 (1993).  If a statutes language is plain, unambiguous, and conveys 
 a clear meaning the rules of statutory interpretation are not needed and the 
 court has no right to impose another meaning.  Hodges v. Rainey, 341 
 S.C. 79, 85, 533 S.E.2d 578, 581 (2000).  [W]ords used therein must be given 
 their plain and ordinary meaning without resort to subtle or forced construction 
 to limit or expand [the statutes] operation.  Hitachi Data Sys. Corp. v. 
 Leatherman, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992).  
It is uncontroverted that Burrows, in filing his 
 initial claim, served both Employer and the fund.  Indeed, the commission acknowledged 
 that all parties had timely and proper notice of the proceeding, and it had 
 jurisdiction of both the subject matter and the parties.  Once the fund was 
 thereby appropriately notified of a claim against an uninsured employer, the 
 statute vested it with both the discretion and duty to either pay or defend 
 the claim as it considers necessary.  § 42-7-200(A) (emphasis added).  
 In this case, the fund chose to defend the claim, a task normally the responsibility 
 of either the employer or the employers carrier.  
Although it did not address this particular statutory 
 scheme, the decision of our supreme court in Bell v. Senn Trucking Co. of 
 Newberry, 308 S.C. 364, 418 S.E.2d 310 (1992), is instructive.  In Bell, 
 a trucking company headquartered in Georgia but with operations in South Carolina 
 had workers compensation insurance with a Georgia insurer.  The Georgia insurer 
 became insolvent and the Georgia Pool, an organization created for the purpose 
 of providing benefits owed to insureds by insolvent Georgia insurers, challenged 
 the jurisdiction of the courts of South Carolina that was asserted under our 
 states long arm statute.  Id. at 365-67, 418 S.E.2d at 311.  The court 
 determined that the insolvent company would be subject to in personam jurisdiction 
 in South Carolina because it contracted with the trucking company to insure 
 a risk in South Carolina.  Id. at 367, 418 S.E.2d at 312.  The court 
 then reasoned that the statutory scheme made the Georgia Pool the alter ego 
 of the insolvent company and, as such, amenable to suit in South Carolina.  
 In the instant case, the workers compensation commission found it had personal 
 jurisdiction over Employer, a finding that has not been challenged on appeal 
 and is the law of the case.  See ML-Lee Acquisition Fund, L.P. v. 
 Deloitte & Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding 
 an unappealed ruling becomes the law of the case and precludes further consideration 
 of the issue on appeal).  
The language utilized by the legislature in the 
 statute in question does not indicate that the fund would become merely the 
 legal representative of the employer.  Rather, the wording indicates that the 
 fund is placed in the position that an insured employer would normally occupy, 
 thereby making it an uninsured employers alter ego, in a fashion similar to 
 the way the court determined the relationship of the Georgia Pool was to insolvent 
 insurers in Bell.
Timely service of the notice of appeal was in all 
 instances made on the fund, and clearly the circuit court had subject matter 
 jurisdiction over the appeal from the commission.  Conner, 348 S.C. at 
 461, 560 S.E.2d at 609.  Therefore, the order dismissing Employer was irrelevant 
 to the question before the circuit court. 
 [1]   Cf. Bardoon Props. v. Eidolon Corp., 326 S.C. 166, 169, 
 485 S.E.2d 371, 373-74 (1997) (since subject matter jurisdiction refers to courts 
 power to hear and determine cases of general class to which proceedings in question 
 belong, whether or not party is real party in interest simply does not involve 
 courts power to hear case or subject matter jurisdiction).  
II.  Four or More 
 Employees
The fund argues the circuit court erred in finding 
 Employer had at least four employees and was therefore subject to the Workers 
 Compensation Act.  We disagree.
The employee relationship is a jurisdictional issue 
 for the purposes of workers compensation benefits.  Vines v. Champion Bldg. 
 Prods., 315 S.C. 13, 16, 431 S.E.2d 585, 586 (1993).  Questions of jurisdiction 
 are reviewed by this court de novo, and we may find facts in accordance with 
 our own view of the preponderance of the evidence.  Kirksey v. Assurance 
 Tire Co., 314 S.C. 43, 45, 443 S.E.2d 803, 804 (1994).  The single commissioner 
 and full commission relied to a great extent on the investigators report and 
 Employment Security Commission records in determining that Employer had less 
 than four employees and was not subject to the Act. [2]   The investigator in turn relied only on official 
 records and conducted an onsite visit only after Employer had ceased doing business.  
 We find such reliance misplaced.  
It is undisputed that Burrows and John Farmer qualified 
 as employees within the meaning of the Act at the time Burrows was injured.  
 There are three remaining individuals whose relationship with the business must 
 be examined to determine if a sufficient number of workers was employed for 
 the company to come under the panoply of the Act.  
The first, Tony Cannon, had previously been an 
 employee and had left for another job.  He was back working with Employer full 
 time and had been working there for approximately four weeks at the time of 
 the accident.  He was paid on a weekly basis, but acknowledged there were no 
 withholdings from his salary.  
The fund asserts that Cannon was not regularly 
 employed.  The fact that Cannon was working on a short-term basis and was paid 
 differently than other employees does not remove him from the category of an 
 employee under the Act.  Cannon worked with Burrows and Farmer at the shop every 
 day for several months, even after the accident, was paid regularly and, as 
 such, meets the definition of regularly employed.  See Harding v. 
 Plumley, 329 S.C. 580, 586-87, 496 S.E.2d 29, 32-33 (Ct. App. 1998) (approving 
 North Carolinas definition of regularly employed as connoting employing the 
 same number of persons throughout the period with some constancy).  Here, Cannon 
 worked for Employer for several months until he could find something permanent.  
 While his employment may have been temporary, he worked regularly in the course 
 of the business and was doing so at the time of the accident.  We conclude, 
 based on our view of the preponderance of the evidence, that Cannon was an employee 
 within the meaning of the Act.  
The second, the proprietors son, Stevie Poston, 
 was a Baptist missionary in Mexico and had taken a sabbatical to help his father 
 run the business in view of his parents declining health.  The undisputed evidence 
 is that Stevie was not paid but was instead a gratuitous worker.  South Carolina 
 law is settled that a gratuitous worker is not an employee within the meaning 
 of the Act.  See Kirksey, 314 S.C. at 45, 443 S.E.2d at 804.  

The third, Herman Cain, was an 86-year-old man 
 who had formerly been a customer and frequented the shop on a more or less regular 
 basis.  According to Employer, if he needed a part, he would sometimes ask Cain 
 to go get it, but Cain was not asked to do anything else.  Cain was paid for 
 retrieving parts for Employer.  
S.C. Code Annotated § 42-1-130 provides the definition 
 for an employee, and says in part:  

The term employee means every person engaged in an 
 employment under any appointment, contract of hire, or apprenticeship, expressed 
 or implied, oral or written, . . . whether lawfully or unlawfully employed, 
 but excludes a person whose employment is both casual and not in the course 
 of the trade . . . .  

S.C. Code Ann. § 42-1-130 (Supp. 2002).  
Employer admitted that Cains position is casual; nevertheless, 
 the work he performed was definitely in the course of the trade and therefore 
 the code section does not specifically exclude him, since to be excluded the 
 employment would have to be both casual and not in the course of the 
 trade.  Riden v. Kemet Elecs. Corp., 313 S.C. 261, 265, 437 S.E.2d 156, 
 158 (Ct. App. 1993) (test to determine exclusion from coverage is two-pronged 
 and must be both (1) casual and (2) not in the course of employers business). 

After a close examination of the record, we find that 
 at the time of the accident Employer had at least four individuals who met the 
 statutory definition of employee for purposes of determining whether Employer 
 is subject to the Workers Compensation Act.  Moreover, any doubts about jurisdiction 
 should be resolved in favor of coverage under the Act.  See, e.g. Nelson 
 v. Yellow Cab Co., 349 S.C. 589, 599, 564 S.E.2d 110, 115 (2002).
AFFIRMED.
HEARN, C.J., CONNOR and STILWELL, JJ., concur.

 
 
 [1]         The fund also argues that the commissions Regulation 67-210 
 requires service directly upon the employer when it is uninsured.  As noted, 
 Employer was appropriately served to initiate the claim and, in view of our 
 holding the fund thereafter became Employers alter ego, this argument lacks 
 merit.

 
 
 [2]        S.C. Code Ann. § 42-1-360(2) (1985) (Provides that the workers 
 compensation title shall not apply to:  [a]ny person who has regularly employed 
 in service less than four employees in the same business within the State.).