### SIMMS v. PHILLIPS.

1. AN APPEAL upon a jurisdictional question may be taken before a final judgment in the case.
2. CIRCUIT JUDGE—JURISDICTION—MOTION.—A Circuit Judge holding a special term of court, not in his own Circuit, under an order of the Chief Justice, cannot hear a motion of reference to take testimony, at chambers, in such Circuit, without consent of defendant, in a case docketed during the special term—construing Rev. Stat., sec. 2248, and Code, sec. 28.
   MR. CHIEF JUSTICE MCIVER, *dissenting.*

Before WATTS, J., Barnwell, August 23, 1895.   Reversed.

Motion for reference to take testimony, by Charles Carroll Simms, administrator of estate of John J. Maher, in foreclosure, against E. V. Philips and W. H. Kennedy, made before Judge Watts while holding special term in Barnwell County.   Motion granted.   Defendant, Phillips, appeals.

*Mr. S. G. Mayfield*, for appellant

*Messrs. Bates & Sims*, contra.

March 11, 1896.  The opinion of the court was delivered by MR. JUSTICE GARY.   This is an action brought to fore-

close a mortgage executed by the defendant, E. V. Phillips, to the late John J. Maher. The defendant, W. H. Kennedy, was made a party because he claimed some interest in the mortgaged premises subsequent to the rights of the late John J. Maher. The only answer filed in the case was that of E. V. Phillips.

The following statement of facts is set forth in the "Case:" At the time of the service of the summons and complaint the Court of Common Pleas for Barnwell County would have been in session but for the illness of his honor, R. C. Watts, presiding judge of the second circuit, the date of said opening of the Court of Common Pleas for said term being July 11th, 1895. On the 5th day of August, 1895, his honor, Henry McIver, Chief Justice of the Supreme Court of this State, ordered an extra term of the Court of Common Pleas to be held for Barnwell County, and assigned his honor, R. C. Watts, to hold said term. * * * His honor, R. C. Watts, did, on the 19th day of August, 1895, open said Court of Common Pleas for Barnwell County for the transaction of all such business as came within the meaning of said order; that on the said 19th day of August, 1895, plaintiff's attorney served upon defendant's attorney a notice of a motion of reference before his honor, R. C. Watts, to be heard on the 23d day of August, 1895; and on said date, in open court, his honor, R. C. Watts, heard said motion, and, against the objection of defendant's (appellant's) attorney, granted an order of reference in said cause to A. H. Patterson, master of said county, to take testimony and report same to said court; that said cause had been docketed after the opening of the special term of court without the knowledge or consent of the defendant's attorney; the notice of appeal was duly given, and the exceptions were duly served, and this appeal is now before this court upon all of the papers in said case. The said motion was noticed, to be heard by his honor, the Circuit Judge, at his chambers, in Barnwell, wherein the land sought to be foreclosed is situate, and, upon four days'

notice to defendant's attorney, after all the pleadings had been made up, and although heard in open court, was heard as a chambers motion, and without reference to the case being on the calendar."

In the order of his honor, Chief Justice McIver, it was provided, "that an extra term of the Court of Common Pleas for the county of Barnwell be held for the trial of all cases which may be heard without a jury." A motion was made to dismiss the appeal in this case on the ground that it was prematurely taken. The appeal presents a jurisdictional question, and therefore it was not necessary for the appellant.to wait until there was a final order of judgment in the case before appealing to this court.

We will now consider the question of jurisdiction which confronts us at the threshold in this case. The defendant, E. V. Phillips, appealed to this court on the following exceptions: 1st. "Because said cause was not properly upon the docket of the Court of Common Pleas for trial; and that said cause was improperly docketed, having been docketed without the knowledge or consent of the defendant, and after the opening of the special term called by his honor, Henry McIver, Chief Justice of this State. 2d. Because his honor erred in granting said order of reference at chambers, against the earnest protest of defendant and without the consent of either of said defendants. 3d. Because his honor, having been appointed to hold a special term of court for Barnwell County, had no authority to grant an order in this case, this cause not having been docketed for trial at the July term of court. 4th. Because the said Circuit Judge had no power to grant an order of reference in foreclosure causes at chambers without the consent of such defendants as have answered. 5th. Because said Circuit Judge had no power to hear, in open court, any motion in any cause which was not properly docketed and ready for trial."

Section 2248 of the Revised Statutes provides: "Every judge, while holding the Circuit Court for any circuit, pur-

suant to the provisions of the law of this State,
shall be invested with powers equal to those of the
judge of such circuit, and may hear and determine
all causes and motions, and grant all orders in open court
or at chambers, which it is competent for the judge resid-
ing in such circuit to hear, determine or grant, any law,
usage or custom to the contrary notwithstanding." Sec-
tion 28 of the Code provides: "No cause shall be tried at
any extra term of the Court of Common Pleas of any cir-
cuit, unless the said cause shall have previously been dock-
eted upon some one of the calendars of the last preceding
regular term of said court." These two sections should be
construed together, and section 28 of the Code must be
regarded as a limitation upon the general powers of Circuit
Judges, when only an extra term of court is being held.
The extra term of court is ordered because the business of
the preceding regular term of court has not been finished,
and the intention of the legislature was to limit the juris-
diction of the Circuit Judge, when presiding at an extra
term of the court, to the unfinished business of the court.
We are, therefore, of opinion that the order of his honor,
Judge Watts, was appealable, and that the court below was
without jurisdiction to grant the order of reference. An
order has heretofore been filed, refusing the motion to dis-
miss the appeal.

It is the judgment of this court, that the order appealed
from be reversed.


MR. CHIEF JUSTICE MCIVER, *dissenting.* The facts in
this case are so fully and fairly stated in the opinion of Mr.
Justice Gary, as to supercede the necessity for repeating
them here. I desire, however, to call attention to two facts
which appear in "Case" as to which there is no dispute:
first, that the motion was noticed to be heard at chambers,
"after all the pleadings had been made up," of which due
notice was given; second, that the motion "was heard as a
chambers motion," for, although the motion was, in fact,

heard by the judge while on the bench, yet it was manifest that this was done simply as a matter of convenience. Indeed, the counsel for appellant, in his argument here, had very properly conceded that the motion should be regarded as heard at chambers, and two of his grounds of appeal are based upon that assumption.

Under the conceded facts, it seems to me that only two questions are presented for decision. 1st. Whether an order of reference, in an action for the foreclosure of a mortgage of real estate, "to take and report the testimony," can be granted by a judge at chambers, without the consent of the parties. 2d. Whether his honor, Judge Watts (who is the judge of the fourth judicial circuit), while holding a special term of the Court of Common Pleas under an assignment made by the Chief Justice, had jurisdiction to grant the order appealed from.

The first question is concluded by the statutory provisions upon the subject, especially when read in the light of the decisions construing such statutory provisions. Section 2122 of the General Statutes of 1882 (originally enacted in 1868, 14 Stat., 134, and now incorporated in the Revised Statutes of 1893 as section 2244,) reads as follows: "The Circuit Courts shall be deemed always open for the purpose of issuing and returning mesne and final process and commissions, and for making and directing all interlocutory motions, orders, rules, and other proceedings whatever, preparatory to the hearing of all causes pending therein upon their merits; and it shall be competent for any judge of the said courts, upon reasonable notice of the parties, in the clerk's office or at chambers, and in vacation as well as in term, to make, direct, and award all such process, commissions, and interlocutory orders, rules, and other proceedings, whenever the same are not grantable of course, according to the rules and practice of the court." Section 402 (originally section 417) of the Code reads as follows: "(1) An application for an order is a motion. (2) Motions may be made to a judge or justice out of court, except for a new trial on the merits."

These provisions have been construed, in *Edwards* v. *Edwards*, 14 S. C., 11, to authorize a judge, at chambers, to grant a motion for leave to file a supplemental complaint, provided notice of such motion be given; in *Clawson* v. *Hutchison*, 14 S. C., 517, *not* to authorize a judge, at chambers, to grant a motion for a new trial practically on the merits; in *Cureton* v. *Dargan*, 12 S. C., 122, to authorize a judge, at chambers, to grant a motion to dissolve an attachment; in *Seigler* v. *Coward*, 24 S. C., 119, to authorize a judge, at chambers, to grant a motion to vacate a warrant issued by the clerk to enforce an agricultural lien. In that case, after referring to the provisions of section 402 of the Code, as above set out, the following significant language is found: "As this was clearly not a motion for a new trial on the merits, we think that the statute, in terms, authorized it to be heard at chambers"—clearly implying that a motion for any purpose, except for a new trial on the merits, might be heard at chambers, unless it be a motion for a perpetual injunction (*Hornesby* v. *Burdell*, 9 S. C., 303), which, of course, involves the merits. And, finally, in *Ellen* v. *Ellen*, 26 S. C., 99, it was held that a judge, at chambers, has the power to grant a motion to amend the complaint. In that case, Judge Simpson, C. J., in delivering the opinion of the court, after setting out the provisions of section 2112 of the General Statutes of 1882, as above, uses this language, which is very appropriate to the present inquiry: "This section, it is true, does not expressly give to a judge, at chambers, the power to amend a complaint; but, we think, the general power given to make, direct, and award process, commissions, and interlocutory orders and other proceedings whatever, preparatory to the hearing of all cases pending in the courts, necessarily includes the power to amend a complaint. The terms, *other proceedings whatever*, are very broad and extensive, and were, no doubt, intended to include all orders necessary to prevent delay at the hearing." It seems to me very clear that the very object of the section was to enable a Circuit Judge, at

chambers, to grant all such preliminary orders as were necessary or calculated to facilitate the hearing of cases upon their merits, when the proper time arrived for that purpose; and surely an order of reference to take and report the testimony, in an action for the foreclosure of a mortgage, was just such an order as was there contemplated. I do not see, therefore, how it can be doubted that his honor, Judge Aldrich (who is the judge of the second circuit, wherein the action arose and was pending), would have had full power to grant the order in question.

This brings us to the second inquiry above stated, viz: whether Judge Watts, while holding the court for Barnwell County, in the second circuit, under an assignment made by the chief justice, had the power to grant the order appealed from. The question is likewise concluded by the express terms of the statute upon the subject. Sec. 2116 of the General Statutes of 1882, incorporated in the Revised Statutes of 1893 as sec. 2248, reads as follows: "Every judge, while holding the Circuit Court for any circuit pursuant to the provisions of the law of this State, shall be invested with powers equal to those of the judge of such circuit, and may hear and determine all causes and motions, and grant all orders in open court or at chambers which it is competent for the judge residing in such circuit to hear, determine or grant, any law, usage or custom to the contrary notwithstanding." Now it is not and cannot be disputed, that at the time of granting the order in question, Judge Watts was holding the court for the county of Barnwell, one of the counties embraced within the second circuit, "pursuant to the provisions of the law of this State;" and if so, then by the express terms of the section above quoted, he was "invested with powers equal to those of the judge" of the second circuit, Judge Aldrich; and if, as has been shown, Judge Aldrich would have had the power to grant the order in question, it is impossible for me to understand why Judge Watts did not have a like or equal power.

It is said, however, that section 28 of the Code of Pro-

cedure, providing for the holding of special or extra terms of the Courts of Common Pleas or General Sessions, "whenever so ordered, either by the chief justice or by the Circuit Judge at the time holding the Circuit Court of the county for which the extra term may be ordered," contains the following provisions, which, it is claimed, must be regarded as a limitation upon the general powers conferred upon the Circuit Judge, by the terms of the section of the Revised Statutes above quoted, when only an extra term is being held. The provision thus relied upon reads as follows: "No cause shall be tried at any extra term of the Court of Common Pleas for any circuit unless the said cause shall have been previously docketed upon some one of the calendars of the last preceding regular term of said court." Of this provision two things must be observed: 1st. That the limitation therein contained applies as well to the judge of the circuit within which such extra term is being held, as to the judge of any other circuit, who may be assigned to hold such extra terms; and hence the provisions cannot be regarded as making any distinction whatever between the judge of the circuit and the judge of some other circuit, who may be assigned to hold such extra term. 2d. And what is more important—the limitation is confined, in express terms, to one single thing—*the trial* of any cause not previously docketed on some one of the calendars of the preceding regular term, "*no cause shall be tried,*" &c., and there is not a word limiting the power of the judge holding the extra term to grant motions, &c., previously conferred, in express terms, by the section of the Revised Statutes above quoted. So that while, under the limitation contained in section 28 of the Code, Judge Aldrich, while holding an extra term of the court for any county within his circuit, could not *try any cause* unless it had been previously docketed on some one of the calendars of the last preceding regular term, there is nothing forbidding him to hear motions and grant orders at chambers; and if there is nothing forbidding him to do so, then there

is nothing to forbid the judge of any other circuit, while holding a court within the second circuit, who is expressly "invested with powers equal to those of the judge of such circuit" for hearing all such motions and granting all such orders at chambers as the judge of the second circuit might hear and grant at chambers.

I am unable, therefore, to concur in the conclusion that Judge Watts had no jurisdiction to grant the order appealed from, and, on the contrary, think his order should be affirmed.