## 0692

George B. RAINES, Respondent v. GOULD, INC.; South Carolina Electric and Gas Co.; and Underwriters Laboratories, Inc., of whom Gould, Inc. is Appellant, and South Carolina Electric and Gas Co. is Respondent.[1] Appeal of GOULD, INC.

(343 S. E. (2d) 655)

Court of Appeals

[1] South Carolina Electric & Gas Company has advised us that "it does not wish to take a position with regard to the merits of [this] appeal."

*Charles E. Carpenter, Jr.,* and *F. Barron Grier, III,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellant.*

*Jonathan R. Hendrix,* of *Hendrix & Steigner,* Lexington, and *John C. B. Smith, Jr.,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondents.*

Heard Feb. 19, 1986.

Decided April 28, 1986.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court holding respondent George B. Raines was not a "statutory employee" of appellant Gould, Inc. pursuant to the South Carolina Workers' Compensation Act so as to bar his right to sue for damages arising out of a personal injury. We affirm.

Raines was injured while employed by a subcontractor to install an electrical system at a plant being constructed for Gould by a general contractor. Raines received workers' compensation benefits for his injury from the subcontractor and then brought this action seeking to recover damages. Gould objected to the jurisdiction of the Circuit Court and moved for an order of dismissal on the ground that, under certain provisions of the Workers' Compensation Act, Raines was its statutory employee at the time of his injury, and for this reason, his exclusive remedy is for workers' compensation benefits before the South Carolina Industrial Commission.[2] Raines moved for partial summary judgment on the ground that he was not a statutory employee of Gould

---

[2] The provisions of the South Carolina Workers' Compensation Act relied upon by Gould are codified as Section 42-1-130, 42-1-400, 42-1-420, and 42-1-540, Code of Laws of South Carolina, 1976.

when he was injured. The parties agreed for the Circuit Court to decide the single issue presented by both motions on its merits and "that the facts, largely undisputed, would be determined by the Court from the statements, arguments, and documents submitted to the Court."[3]

The resolution of the issue presented depends upon whether the work being performed by Raines was a part of the trade or business of Gould. *See Bigham v. Nassau Recycle Corp.*, 285 S. C. 200, 328 S. E. (2d) 663 (Ct. App. 1985). If the work was a part of the trade or business of Gould, Raines cannot maintain his suit for damages. If not, Raines can maintain his suit.

Ordinarily construction work, such as building a factory structure or making electrical installations, is considered outside the trade or business of a manufacturer. 1C A. Larson, *The Law of Workmen's Compensation* § 49.12, at 9-25 (1982); *see Penton v. Crown Zellerbach Corp.*, 699 F. (2d) 737, 744 (5th Cir. 1983) (notwithstanding the fact that employees of a paper company had performed 177 projects of repair and modification during a previous four-year period, court held a modernization project was not a part of the company's trade or business "with any degree of certitude"); *Murphy v. Georgia-Pacific Corp.*, 628 F. (2d) 862 (5th Cir. 1980) (notwithstanding the fact that employees of a wood products company had previously constructed a project involving 100 workers, court held a much larger construction project involving 1500 workers which was too large for the capabilities of the company was not a part of its trade or business);[4] *Wilson v. Duke Power Co.*, 273 S. C.

[3] In oral argument before us, the parties also agreed that no further development of the facts was necessary to determine the issue presented. The record on appeal consists of the pleadings and notices of motion filed by the parties as well as documents and affidavits filed by them in support of their motions.

[4] The United States Court of Appeals began its opinion by saying, "We journey today into the mysterious realm of Merlin, as we are faced with a valiant attempt at legal sleight of hand. Attorneys for defendants have used all the magic and abracadabras they could muster in order to change a paper manufacturing company into a construction company." *Murphy v. Georgia-Pacific Corp.*, 628 F. (2d) 862, 863 (5th Cir. 1980). The court concluded by holding, "However, because we realize that the sleight of hand is ultimately mere illusion, we are not persuaded by the hocus pocus." *Id* at 864. We find the real magic to be that performed by the Court of Appeals in publishing an interesting opinion addressing this issue.

610, 258 S. E. (2d) 101 (1979) (notwithstanding the fact that an owner of a building had abandoned his stock brokerage business to develop his property, court held construction work being performed on his building was not a part of his trade, business or occupation); *Vandergrift v. United States,* 500 F. Supp. 237, 242 (E.D. Va. 1979), *aff'd,* 634 F. (2d) 628 (4th Cir. 1980) (court held the construction and installation work performed by an employee of a subcontractor was not a part of the trade or business of the National Aeronautics and Space Administration because NASA maintained no separate construction division and was in "the space business," not "the building business"); *Bassett Furniture Industries, Inc. v. McReynolds,* 216 Va. 897, 224 S. E. (2d) 323 (1976) (notwithstanding the fact that a furniture manufacturer had spent about $1,000,000 per year for four years on construction and employed some construction workers but did not maintain a separate construction division and contracted out construction work involving in excess of $25,000, court held construction project costing about $174,000 was not a part of the company's trade or business); *Duplechin v. Pittsburgh Plate Glass Co.,* 265 So. (2d) 787 (La. App. 1972) (court held construction of a new facility or complete reconstruction of an existing facility for a glass company was not a part of the company's regular business or trade); *Hataway v. Proctor & Gamble Manufacturing Co.,* 195 Kan. 335, 405 P. (2d) 350 (1965) (where construction of a building for a soap company was not work ordinarily done through its employees, court held the business of the contractor was to construct the building and the business of the soap company was to operate the building after construction); *Ball v. Kaiser Aluminum & Chemical Corp.,* 112 So. (2d) 741 (La. App. 1959) (notwithstanding the fact that an aluminum company employed electricians capable of performing the same work being performed by an electrician employed by a subcontractor engaged in constructing a plant for the company, court held the work was not a part of the company's trade or business); *Szofran v. Century Electric Co.,* 255 S. W. (2d) 443 (Mo. App. 1953) (court held a program of an electric company to expand its sand handling capacity by means of erecting iron beams and girders, while essential to the operation of the company's usual business, was not an operation

of its usual business of manufacturing electric motors, generators and castings); *Bogoratt v. Pratt & Whitney Aircraft Co.*, 114 Conn. 126, 157 A. 860 (1932) (court held the construction of factory buildings for an aircraft company was not "a part or process in [its] trade or business"); *Packett v. Moretown Creamery Co.*, 91 Vt. 97, 99 A. 638 (1917) (court held construction of a new creamery building by an independent contractor for a creamery company was not a part of the company's trade or business).[5]

If however a business by its size and nature is accustomed to carrying on a more or less ongoing program of construction, perhaps having a construction division, or has handled its own construction in the past, construction work delegated to a contractor may be considered a part of its trade or business. 1C A. Larson, *supra*, § 49.12, at 9-29; *see Marchbanks v. Duke Power Co.*, 190 S. C. 336, 2 S. E. (2d) 825 (1939) (in an action against a power company for injuries sustained by an employee of an independent contractor while painting a pole, court held the work was a part of the trade or business of the company because the maintenance of the transmission lines was important and essential to the company's trade or business and was work ordinarily performed by the company's regular employees); *Brown v. Ebasco Services, Inc.*, 461 So. (2d) 443 (La. App. 1984) (where a public utility was authorized by its articles of incorporation to construct plants and was mandated to provide electrical services to the public, court held an employee of a subcontractor involved in the construction of a power plant was a statutory employee of the utility); *Zehring v. Wickham*, 232 Kan. 704, 658 P. (2d) 1004 (1983) (where a glass company did not normally construct buildings and was not a general contractor, but had constructed an original building and an addition, court held an injured employee of a subcontractor hired to construct another addition was a statutory employee of the glass com-

---

[5] The Supreme Court of Vermont reasoned that to hold "a farmer who lets a contract to build a barn or corncrib on his premises is engaged in the business of contractor or builder" would be the same as holding "the business of the contractor while thus engaged is that of farming." *See Packett v. Moretown Creamery Co.*, 91 Vt. 97, 102, 99 A. 638, 640 (1917). We find this analysis charming, albeit perhaps oversimplified.

pany); *Parker v. Williams and Madjanik, Inc.*, 275 S. C. 65, 267 S. E. (2d) 524 (1980) (where a partnership was authorized by its partnership agreement to construct, alter and repair real property, court held an employee of a subcontractor involved in the construction of a mini-warehouse facility was a statutory employee of the partnership); *MacMullen v. South Carolina Electric & Gas Co.*, 312 F. (2d) 662 (4th Cir. 1963), *cert. denied*, 373 U. S. 912, 83 S. Ct. 1302, 10 L. Ed. (2d) 413 (1963) (where a power company was authorized by its corporate charter to construct plants and where its employees were engaged more or less continuously since 1949 in the construction of power plants, court held an injured employee of subcontractor involved in the construction of a power plant was a statutory employee of the company).

Moreover, we have recently held that even work which a business might never perform with its own employees may be considered a part of its trade or business if the work is an integral part of its operation without which it cannot function. *Hairston v. Re: Leasing, Inc.*, 286 S. C. 493, 334 S. E. (2d) 825 (Ct. App. 1985).[6] However, we recognized in the same case that no general rule can be made for the determination of the issue here presented and each case must be decided on its own facts.[7] *Hairston* itself, for example, is distinguishable on its facts from the instant case. There we held the work of transporting cars to a car dealer by an employee of an independent contractor was a part of the

---

[6] *See Boseman v. Pacific Mills,* 193 S. C. 479, 8 S. E. (2d) 878 (1940) (court held the maintenance of a water tank was an integral part of the trade or business of a cotton mill because the manufacturing of cotton into cloth required the best possible fire protection); *Smith v. FCX, Inc.,* 744 F. (2d) 1378 (4th Cir. 1984), *cert. denied,* _____ U. S. _____ , 105 S. Ct. 2330, 85 L. Ed. (2d) 848 (1985) (court held the maintenance of a grain dryer was essential to the business of a grain storage company because it was frequently necessary to reduce the moisture content of the grain in order to prevent mold and spoilage); *Singleton v. J. P. Stevens & Co.,* 726 F. (2d) 1011 (4th Cir. 1984) (court held the maintenance of high voltage power lines was essential to the operation of a textile company because the company could not operate without them).

[7] *See Marchbanks v. Duke Power Co.,* 190 S. C. 336, 361, 2 S. E. 2d 825, 835 (1939) ("No general rule is deducible from the authorities, and it is often a matter of extreme difficulty to decide whether the work in a given case falls within the designation of the statute. It is in each case largely a question of degree and of fact.").

dealer's trade or business because "[t]he transportation of vehicles is essential to both the leasing and sale of automobiles." *Id.* at _____ , 334 S. E. (2d) at 827. Cases in other jurisdictions involving transportation work turn largely on considerations of whether the work is routine for a particular type of business. 1C A. Larson, *supra*, § 49.12, at 9-43.

Under the facts of the instant case, we hold the work being performed by Raines was not a part of the trade or business of Gould. The nature of its business, according to its application to transact business in South Carolina, is the "[m]anufacturing and selling [of] batteries of all kinds and related products."

Although Gould has been involved with the construction of numerous facilities on property which it owns or leases and manages, the record does not indicate that it had a construction division or that any construction work was performed by its regular employees. Rather, the record indicates Gould merely "prepares the specific designs for certain parts of the facilities, or oversees such designs, approves engineering plans and, in some instances, provides supervisory personnel to provide general assistance in the contracting of the contractors and subcontractors and coordinating their activities."

Furthermore, the record does not indicate the work being performed by Raines in constructing the plant for Gould was an integral part of its operations without which it cannot function. Every manufacturer must have a plant, but this fact alone does not make the work of constructing a plant a part of the trade or business of every manufacturer who engages a contractor to construct a plant. Otherwise, the employees of every contractor so engaged would be the statutory employees of every such manufacturer. We are aware of no case in any jurisdiction holding this and do not believe this is what the legislature intended when it enacted the South Carolina Workers' Compensation Act.

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER, and BELL, JJ., concur.