2026

Glenn WOODARD, Respondent v.
WESTVACO CORPORATION, Appellant.

(433 S.E. (2d) 890)

Court of Appeals

*G. Dana Sinkler* and *Elizabeth T. Thomas* of *Warren & Sinkler,* Charleston, *for appellant.*

*Kerry W. Koon,* Charleston, *for respondent.*

Heard Mar. 22, 1993; Decided July 7, 1993.

Reh. Den. Aug. 11, 1993.

BELL, Judge:

This is an action in negligence. Glenn Woodard sued Westvaco Corporation seeking damages for personal injuries. The complaint alleged that while Woodard was employed as a driver for Southern Bulk Haulers, a trucking firm, he drove a tanker truck to Westvaco's plant in North Charleston to pick up a load of a chemical known as "black liquor" for delivery to storage tanks at the Exxon oil terminal located a few miles away. Woodard was injured when a hose delivering the chemical under pressure from an overhead pipe disengaged and sprayed him with hot liquid, knocking him from the top of the tanker to the pavement. Westvaco moved for summary judgment, asserting that Woodard was a statutory employee whose exclusive remedy was under the Workers' Compensation Law. It argued the court lacked subject matter jurisdiction to hear the negligence claim. The circuit court denied the motion, ruling that, viewed in the light most favorable to Woodard, there was a genuine issue whether he was a statutory employee. Westvaco appeals. We reverse and remand.

The appeal presents two questions for decision: (1) Is an order denying a motion for summary judgment on the ground of lack of subject matter jurisdiction an appealable order? (2) Did the judge err as a matter of law in failing to rule that Woodard was a statutory employee?

I.

Normally, an order denying a motion for summary judgment is not immediately appealable. *See Bocook*

*Outdoor Media, Inc. v. Summey Outdoor Advertising, Inc.,*
294 S.C. 169, 363 S.E. (2d) 390 (Ct. App. 1987). However, if the
motion raises lack of subject matter jurisdiction, the rule is
different.

### A.

The proper procedure for raising lack of subject matter
jurisdiction prior to trial is to file a motion to dismiss
pursuant to Rule 12(b)(1), SCRCP, rather than a mo-
tion for summary judgment pursuant to Rule 56, SCRCP.
This is because summary judgment is an adjudication of the
merits of the case, whereas dismissal for lack of subject mat-
ter jurisdiction is not an adjudication on the merits. *See
Gulledge v. Young,* 242 S.C. 287, 130 S.E. (2d) 695 (1963); *Nau-
ful v. Milligan,* 258 S.C. 139, 187 S.E. (2d) 511 (1972); *Prakash
v. American University,* 727 F. (2d) 1174 (D.C. Cir. 1984).

If a party files a Rule 56 motion for summary judgment
on the ground of lack of subject matter jurisdiction, the
trial court should treat the motion as if it were a Rule
12(b)(1) motion to dismiss. *Prakash, supra.* When the allega-
tions of the complaint are factually sufficient under Rule
8(a)(1), SCRCP, but do not affirmatively show subject matter
jurisdiction, the motion to dismiss may be supported by, and
the court may consider, affidavits or other evidence proving
lack of jurisdiction. *See Graham v. Lloyd's of London,* 296 S.C.
249, 251, 371 S.E. (2d) 801, 802 n. 1 (Ct. App. 1988); *Thornhill
Publishing Co. v. General Telephone & Electronics Corpora-
tion* 594 F. (2d) 730 (9th Cir. 1979).

In this case, the circuit court erred in concluding it
must view the evidence in the light most favorable to
the party resisting the motion and deny the motion be-
cause the evidence, so viewed, created a genuine issue of ma-
terial fact. The question of subject matter jurisdiction is a
question of law for the court. *See Bridges v. Wyandotte
Worsted Co.,* 243 S.C. 1, 132 S.E. (2d) 18 (1963). Here, more-
over, the facts material to resolving the question of jurisdic-
tion were not in dispute. Accordingly, the court should have
decided the question of its own jurisdiction on the facts before
it.

## B.

There remains the question whether an interlocutory order denying a motion to dismiss for lack of subject matter jurisdiction is immediately appealable. To answer this question, we must review the precedents with care.

Rule 12(b)(1), SCRCP, is derived from and identical to the corresponding provision of the Federal Rules of Civil Procedure. *Compare* Rule 12(b)(1), SCRCP *with* Rule 12(b)(1), FRCP. Although there is a dearth of federal cases addressing the issue, the Ninth Circuit Court of Appeals has expressly held that denials of motions to dismiss under Rule 12(b)(1) are not appealable final orders. *See Whaley v. Rydman,* 887 F. (2d) 976 (9th Cir. 1989).[1] Although not directly addressing Rule 12(b)(1) motions, the United States Supreme Court, in *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), also held that denials of motions to dismiss on jurisdictional grounds are not immediately reviewable. We also note that in *Hartwick College v. United States,* 801 F. (2d) 608 (2d Cir. 1986), the Second Circuit Court of Appeals entertained an appeal from the denial of a 12(b)(1) motion after the trial on the merits. This case suggests the proper time to hear an appeal from the denial of a Rule 12(b)(1) motion is after final judgment.

North Carolina, like South Carolina, has modeled its rules of civil procedures on the Federal Rules. North Carolina's Rule 12(b)(1) is identical to the provisions of the South Carolina and the Federal Rules. *Compare* N.C. Gen. Stat. § 1A-1 Rule 12(b)(1) (1992), *with* Rule 12(b)(1), SCRCP *and* Rule 12(b)(1), FRCP. In two well-reasoned opinions, the North Carolina appellate courts have held that the denial of a Rule 12(b)(1) motion to dismiss is not immediately appealable. *See Teachy v. Coble Dairies, Inc.,* 306 N.C. 324, 293 S.E. (2d) 182 (1982); *Shaver v. North Carolina Monroe Construction Co.,* 54 N.C. App. 486, 283 S.E. (2d) 526 (1981).

Historically, the rule in South Carolina has been to the contrary. In 1895, our Supreme Court held that the denial of a

---

[1] *But see San Francisco County Democratic Central Committee v. Eu,* 826 F. (2d) 814 n. 3 (9th Cir. 1987), *aff'd,* 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed. (2d) 271 (1989), in which the court ruled it had jurisdiction to review the denial of the defendant's Rule 12(b)(1) motion. This case is distinguishable, however, because the federal district court had entered final judgment for the plaintiffs on the merits. Thus, the appeal was not interlocutory.

motion to dismiss for lack of subject matter jurisdiction is immediately appealable. *See Simms v. Phillips,* 46 S.C. 149, 24 S.E. 97 (1896). This law was carried over unchanged when South Carolina adopted the South Carolina Rules of Civil Procedure in 1985. Under former Rule 72(4), SCRCP, an order granting or refusing a motion to dismiss an action for lack of subject matter or personal jurisdiction was immediately appealable. In *North Carolina Federal Savings & Loan Ass'n v. Twin States Development Corp.,* 289 S.C. 480, 347 S.E. (2d) 97 (1986), our Supreme Court held the right to appeal is controlled by statutory law. It stated the Rules of Civil Procedure relating to appeals shall not be construed to extend or limit appellate jurisdiction. Two years later, the Court decided *Botany Bay Marina, Inc. v. Townsend,* 296 S.C. 330, 372 S.E. (2d) 584 (1988). *Botany Bay* cited *Simms v. phillips* and Rule 72(4) as authority that motions to dismiss for lack of subject matter jurisdiction are immediately appealable. In 1989, former Rule 72 was repealed. New Rule 72 provides: "Appeal may be taken, as provided by law, from any final judgment or appealable order." After the adoption of new Rule 72, the Supreme Court again confirmed that orders determining questions of subject matter jurisdiction are immediately appealable. *See Carter v. Florentine Corp.,* — S.C. —, 423 S.E. (2d) 112 (1992). In view of the *Carter* decision, it would seem clear that interlocutory orders denying a Rule 12(b)(1) motion remain immediately appealable.

However, in an opinion filed on February 1, 1993, the Supreme Court held the denial of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is not appealable. *See Mid-State Distributors, Inc. v. Century Importers, Inc.,* — S.C. —, 426 S.E. (2d) 777 (1993). The Court used two rationales: (1) Denial of the motion to dismiss did not "involve the merits," which the Court defined as "an order which 'must finally determine some substantial matter forming the whole or a part of some cause of action or defense.' " The Court specifically overruled an 1886 case and an 1890 case, both of which had allowed an immediate appeal from motions to dismiss for lack of personal jurisdiction. The Court said these cases were outdated, because they were decided when the definition of "involving the merits" was much broader. (2) The Court also reasoned the denial did not prejudice the defendant, but

rather simply required him to proceed to trial where he could later prevail on the jurisdictional issue. It stated the appellant had "not arrived at the end of the road."

The reasoning in *Mid-State* is even more compelling when applied to the denial of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Like a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a Rule 12(b)(1) motion does not address or dispose of a case on the merits. Moreover, because subject matter jurisdiction cannot be conferred by consent of the parties, cannot be waived, and can be raised at any time, the moving party has "not arrived at the end of the road," if a Rule 12(b)(1) motion is denied in an interlocutory order. Interlocutory denial of a Rule 12(b)(1) motion does not constitute legal prejudice to the moving party, but simply requires him to proceed to trial. He can still raise and prevail on the jurisdictional issue at trial or on appeal.

For these reasons, the decision in *Mid-State* casts substantial doubt on the continuing vitality of the holdings in *Carter v. Florentine* and *Simms v. Phillips*. However, two weeks after deciding *Mid-State*, the Supreme Court decided *Timms v. Greene*, — S.C. —, 427 S.E. (2d) 642 (1993). In *Timms*, the Court affirmed the trial court's denial of a motion to dismiss for lack of subject matter jurisdiction without discussing whether the denial of the motion was immediately appealable. One week later, the Court again considered a denial of a motion to dismiss for lack of subject matter jurisdiction. This time the Court reversed the trial court's denial of the motion, again without discussing the issue of immediate appealability. *See Duncan v. Provident Mutual Life Insurance Co.,* — S.C. —, 427 S.E. (2d) 657 (1993).

Were it not for these latter two decisions, we would hold, following *Mid-State* and the North Carolina cases, that the denial of a Rule 12(b)(1) motion is not immediately appealable. However, because this is not the rule the Supreme Court has followed since deciding *Mid-State*, we are compelled to conclude that *Simms v. Phillips* is still good law and is binding on us. S.C. CONST. art. V, § 9; *American Fast Print Limited v. Design Prints of Hickory*, 288 S.C. 46, 339 S.E. (2d) 516 (Ct. App. 1986). If this creates an inconsistency in the procedural law of South Carolina, it must be resolved by the Supreme Court.

We hold the circuit court's interlocutory ruling in this case is immediately appealable and the appeal is properly before us.

## II.

We now turn to the question of Woodard's status as a statutory employee. The facts material to this question are not in dispute.

Westvaco owns and operates a paper manufacturing plant in North Charleston. As part of the manufacturing process, a caustic chemical solution is mixed under pressure with wood chips to make pulp. This generates a byproduct, known as "black liquor," which contains the spent chemicals and lignin, the substance that holds the wood fibers together. As a necessary part of the manufacturing process, the "black liquor" is removed and the chemicals are recovered on site in two recovery boilers. Once they are recovered they are reused because they are expensive.

Ordinarily, when the recovery boilers were working, Westvaco stored any excess "black liquor" in its own storage tanks at the plant. However, in July and August of 1988, one of the recovery boilers suffered an outage, reducing Westvaco's capacity to process "black liquor" on site. In order to avoid shutting down a production line while the boiler was being repaired, Westvaco arranged to transport and store "black liquor" off site until it could be reprocessed. It contracted with Exxon to lease storage tanks at a nearby location. Because Westvaco had no tanker trucks or tanker truck drivers of its own, it then contracted with Southern Bulk haulers to transport "black liquor" from its paper plant to the Exxon facility. Woodard was injured while picking up a load of "black liquor" at Westvaco's plant for transport to the Exxon facility.

S.C. Code Ann. § 42-1-400 (1985) states:

> When any person . . . undertakes to perform or execute any work which is a part of this trade, business or occupation and contracts with any other person . . . for the execution or performance . . . of the whole or any part of the work undertaken . . ., the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

Whether a worker is a statutory employee is a question of law for the court. *Bigham v. Nassau Recycle Corp.*, 285 S.C. 200, 328 S.E. (2d) 663 (Ct. App. 1985). Each case must be determined on its own facts, because no general rule or formula can determine whether the work in any given case was a part of the general trade, business, or occupation of the employer. *Hairston v. Re: Leasing, Inc.*, 286 S.C. 493, 334 S.E. (2d) 825 (Ct. App. 1985). The courts look to three factors to determine whether a particular activity constitutes work which is a part of the business within the meaning of the statute: (1) whether the activity is an important part of the trade or business; (2) whether the activity is a necessary, essential, and integral part of the trade, business or occupation; and (3) whether the activity has been performed by employees of the principal employer. *Boone v. Huntington and Guerry Electric Co.*, — S.C. —, 430 S.E. (2d) 507 (1993) (dictum); *Smith v. T.H. Snipes & Sons, Inc.*, 306 S.C. 289, 411 S.E. (2d) 439 (1991). If any one of these factors is shown, the worker performing the work is a statutory employee. *See Bailey v. Owen Electric Steel Co.*, 298 S.C. 36, 378 S.E. (2d) 63 (Ct. App. 1989), *rev'd on other grounds*, 301 S.C. 399, 392 S.E. (2d) 186 (1990). Doubts about the worker's status are to be resolved in favor of including him and his employer under the Workers' Compensation Law. *Revels v. Hoechst Celanese Corp.*, 301 S.C. 316, 391 S.E. (2d) 731 (Ct. App. 1990).

In the leading case of *Marchbanks v. Duke Power Co.*, 190 S.C. 336, 2 S.E. (2d) 825 (1939), the Supreme Court held that an employee of Duke Power's independent contractor could not bring a civil suit for on the job injuries, because he was a statutory employee of Duke Power. The employee was injured while painting Duke Power's utility poles. The Court ruled Duke Power could not carry on its business if its poles were not kept in sound condition, and, therefore, the work was part of Duke Power's business.

In *Hopkins v. Darlington Veneer Co.*, 208 S.C. 307, 38 S.E. (2d) 4 (1946), an independent contractor's truck driver was injured while hauling timber to the veneer plant. Darlington Veneer hired the contractor to ensure a steady supply of timber. Relying on *Marchbanks*, the Court held the injury was compensable, because hauling timber to its plant was part of the veneer company's general business.

In *Hairston v. Re: Leasing, Inc.*, 286 S.C. 493, 334 S.E. (2d) 825 (Ct. App. 1985), we held an automobile leasing company and dealership were statutory employers, because the independent contractor's truck driver was killed while transporting cars, an essential function of companies that lease or sell them. We further held it was immaterial that the car dealership normally relied on the manufacturer to arrange for car deliveries.

In *Revels v. Hoechst Celanese Corp.*, 301 S.C. 316, 391 S.E. (2d) 731 (Ct. App. 1990), the worker was employed by a common carrier that had a contract to haul chemicals for Celanese. He was injured while monitoring the loading of his tanker truck at the Celanese plant. Normally, Celanese monitored the loading process. We held the worker was a statutory employee of Celanese.

In this case, it is undisputed that recovery, storage, and reprocessing of "black liquor" is an ordinary and necessary part of Westvaco's paper manufacturing business. These activities are normally performed on site by Westvaco's employees. The maintenance and repair of manufacturing equipment is also a necessary part of Westvaco's business. On the particular facts presented, transporting and storing "black liquor" off site while the broken boiler was being repaired was necessary in order to continue normal production of paper. Thus, the work being performed by Woodard was an integral part of the manufacturing process itself and Woodard was a statutory employee of Westvaco for purposes of Code§ 42-1-400.

As a statutory employee of Westvaco, Woodard's exclusive remedy for the injuries alleged in his complaint was to file a claim with the Workers' Compensation Commission. *See Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E. (2d) 296 (Ct. App. 1986). The circuit court had no jurisdiction to entertain a common law action for recovery of damages. *See id.* Accordingly, we reverse the denial of Westvaco's motion to dismiss for lack of subject matter jurisdiction and remand with instructions that judgment be entered dismissing the action.

Reversed and remanded.

GARDNER and SHAW, JJ., concur.