2200

Henry Willis GLASS and Gregory Thomas Shelnutt, Plaintiffs v. DOW CHEMICAL COMPANY and Cummings and McCrady, Inc., Defendants. ANATEK, INC., Defendant and Third-Party Plaintiff v. CONTINENTAL MASONRY COMPANY, Third-Party Defendant, of whom Anatek, Inc. and Dow Chemical Company are, respectively, Primary and Secondary Appellants, of whom Henry Willis Glass and Gregory Thomas Shelnutt are Respondents.

(447 S.E. (2d) 209)

Court of Appeals

*Stephen P. Groves* and *H. Michael Bowers,* both of *Young, Clement, Rivers & Tisdale,* Charleston, *for primary appellant.*

*Edward K. Pritchard, III,* of *Sinkler & Boyd,* Charleston, *for secondary appellant.*

*O. Grady Query* and *Philip A. Middleton,* Charleston, and *Henry Hammer,* Columbia, *for respondents.*

Heard Mar. 9, 1994.

Decided July 5, 1994; Reh. Den. Aug. 23, 1994.

SHAW, Judge:

This is a negligence case. The circuit court struck the defense of statutory employer from the answers of Dow Chemical and Anatek, Inc. They appeal. We affirm.

Dow Chemical is the manufacturer of Sarabond, a mortar additive. Sarabond was added to the mortar used to construct the panels for the exterior facade of the Business Services Building at the Medical University of South Carolina. The panels began to crack in the 1980's. Dow entered into a settlement agreement with MUSC in which Dow agreed to repair the facade of the building. Dow Chemical then entered into a contract with Anatek, Inc. for removal and replacement of the masonry facade.

Henry Glass and Gregory Shelnutt were welders employed by River City Rigging Company, a subcontractor. In November of 1988, Glass and Shelnutt were assigned to work at the Business Services Building located at the Medical University of South Carolina. Glass and Shelnutt were removing sections of the building facade which was being replaced due to defects. They alleged exposure to toxic fumes while using a cutting torch to remove the bolts holding the facade sections. No. 1 Red Lead paint had been used to coat the bolts in accordance with original construction plans.

Glass and Shelnutt sued Dow Chemical and Anatek, Inc. for negligence and ultrahazardous activity. They alleged Dow and Anatek, Inc. failed to warn them about the presence of the red lead paint and also failed to provide adequate protection to them from exposure to the toxic fumes.

In their answers, both Dow Chemical and Anatek, Inc. raised the defense of lack of subject matter jurisdiction based upon the statutory employer doctrine under the Workers' Compensation Act. During a hearing on the matter, Glass and Shelnutt moved to strike the statutory employer defense. Due to the factual issues involved, the court denied a motion for summary judgment on this ground, but retained jurisdiction to consider the statutory employer defense in an evidentiary hearing.

After the evidentiary hearing, the court concluded Dow Chemical was the "owner" of the project and Anatek, Inc. was the project engineer. The court concluded the plaintiffs were employees of the subcontractor, River City Rigging Company, and were not engaged in work which was part of the trade, business, or occupation of either Dow Chemical or Anatek, Inc. Therefore, the court struck and dismissed the statutory employer defense and denied motions to reconsider.

### Appeal of Dow Chemical

#### I.

Dow Chemical agrees with the circuit court's conclusion that it is the "owner" of the project. However, Dow Chemical asserts the circuit court erred in concluding Glass and Shelnutt were not performing work which was a part of the trade, business or occupation of Dow Chemical at the time of th the plaintiff's injuries such as to bring the parties within the ambit of S.C. Code Ann. § 42-1-400 (1985). We disagree.

§ 42-1-400 provides as follows:

> When any person, in this section and §§ 42-1-420 and 42-1-430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person . . . for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

Whether a worker is a statutory employee is a question of law for the court. *Woodard v. Westvaco Corp.*, — S.C. —, 433 S.E. (2d) 890 (Ct. App. 1993). Any dispute in the facts concerning this issue should be resolved by the court. *Riden v. Kemet Electronics Corp.* — S.C. —, 437 S.E. (2d) 156 (Ct. App. 1993). The three factors which the court should look to in determining whether the activity constitutes work which is part of the business are: (1) whether the activity is an important part of the trade or business; (2) whether the activity is a necessary, essential, and integral

part of the trade, business, or occupation; and (3) whether the activity has been performed by employees of the principal employer. If any one of the factors is shown, the worker performing the work is a statutory employee. *Woodard,* supra.

Dow's position is summarized by reference to a statement in its brief:

> In performing repairs to the Business Services Building, Dow was standing behind its product, Sarabond. Dow was making the repairs to resolve its dispute with MUSC. Repairs made by a manufacturer, which is standing behind its product, are a part of the trade, business or occupation of a manufacturer.

Dow contends the repairs are an important and essential part of a manufacturer's business. Therefore, Dow claims the statutory employer test has been met.

The record does not indicate Dow Chemical normally engages in the construction business or has a construction division. Its involvement in this construction arose out of the alleged defect of its product, Sarabond, and the settlement agreement with MUSC. While we have no disagreement with the general concept that a manufacturer should stand behind its product, we do not believe those circumstances automatically qualify Dow Chemical as a statutory employer under the workers' compensation laws of this state. See *Raines v. Gould, Inc.,* 288 S.C. 541, 343 S.E. (2d) 655 (Ct. App. 1986) (wherein this court held manufacturer of batteries was not statutory employer of worker injured while installing electrical system at plant being constructed for manufacturer, noting construction work is ordinarily outside the trade or business of a manufacturer).

## II.

Alternatively, Dow Chemical asserts it is a statutory employer because it "stands in the shoes" of MUSC. Dow asserts MUSC, as the owner of the Business Services Building, is required to maintain and repair its physical plant as an important part of its trade or business. Therefore, since MUSC would be entitled to assert the statutory employer defense in an action by Glass and Shelnutt, Dow claims it should also be able to assert the defense.

Dow cites no authority for this position. We decline to adopt this "equitable" argument asserted by Dow. We further disagree with Dow's assertion that the work was an important part of the trade or business of MUSC. *Raines,* supra.

### Appeal of Anatek, Inc.

Anatek, Inc. argues the circuit court erred in not dismissing the action against it because it is the statutory employer of Glass and Shelnutt and their sole remedy is under the Workers' Compensation Act. The circuit court held Anatek, Inc. was the project engineer, not the general contractor, and therefore could not claim statutory employer status under S.C. Code Ann. § 42-1-410 (1985).[1]

As previously noted, the determination of whether a worker is a statutory employee is a matter of law for the court, and the court is to resolve any dispute in the facts. *Woodard,* supra; *Riden,* supra.

The contract between Dow Chemical and Anatek, Inc. designates Anatek as the "engineer." Anatek, Inc. entered into a contract with Charles C. Blanchard Construction Corporation in which Blanchard Construction agreed to act as the general contractor for the work. This contract likewise provided that Anatek, Inc. was to serve as the "engineer" for the project. Testimony in the record indicates Anatek, Inc. was not licensed as a general contractor in South Carolina. The circuit court also found the testimony of Anatek's managing officer regarding Anatek, Inc. serving as the contactor lacked credibility given the contract documents. Based upon our review of the record, we agree with the factual and legal conclusions of the circuit court with respect to Anatek, Inc.

Anatek, Inc. further argues the circuit court erred in considering the plaintiffs' Rule 12(f), SCRCP motion to strike and in going beyond the face of the pleadings to decide the motion. We disagree. We first note the trial judge

---

[1]Similar to § 42-1-400, this section provides as follows:

When any person, . . . referred to as "contractor," contracts to perform or execute any work for another person which is not a part of the trade, business or occupation of such other person and contracts with any other person . . . for the execution or performance by or under the subcontractor of the whole or any of the work undertaken by such contractor, the contractor shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if that workman had been immediately employed by him.

not only struck the statutory employer defense, but also dismissed it. Anatek, Inc. initially brought the issue before the court in a motion for summary judgment. Where a party files a motion for summary judgment pursuant to Rule 56, SCRCP, on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a Rule 12(b)(1), SCRCP motion to dismiss. *Woodard,* supra. When the allegations of the complaint are factually sufficient, but do not affirmatively show subject matter jurisdiction, the motion to dismiss may be supported by, and the court may consider, affidavits or other evidence proving lack of jurisdiction. *Id.* It stands to reason that the court may likewise consider affidavits and other evidence submitted by the party opposing the motion. Indeed, because the statutory employer defense is a matter of law for the court to decide, it is inevitable that the court look beyond the pleadings to decide the issue.

For the foregoing reasons, the order below is

Affirmed.

CURETON, J., and LITTLEJOHN, Associate Judge, concur.