482 S.E.2d 49

Henry Willis GLASS and Gregory Thomas
Shelnutt, Respondents,

v.

DOW CHEMICAL COMPANY and Cummings
and McCrady, Inc., Defendants,

of whom Dow Chemical Company is Petitioner,

ANATEK, INC., Defendant and Third–Party Plaintiff,

v.

CONTINENTAL MASONRY COMPANY,
Third–Party Defendant.

No. 24560.

Supreme Court of South Carolina.

Heard Oct. 1, 1996.
Decided Jan. 27, 1997.
Refiled Feb. 19, 1997.

John P. Linton and Edward K. Pritchard, III, of Sinkler & Boyd, Charleston, for Petitioner Dow Chemical Company.

O. Grady Query, Charleston, for Respondents Henry Willis Glass and Gregory Thomas Shelnutt.

Philip A. Middleton, Charleston, for Respondent Henry Willis Glass.

Henry Hammer, of Hammer, Hammer, Carrigg & Potterfield, Columbia, for Respondent Gregory Thomas Shelnutt.

TOAL, Justice:

In this negligence action, Dow Chemical Company ("Dow") argues the Court of Appeals' erred in affirming the trial court's decision to strike the defense of statutory employer from Dow's answer. We disagree and affirm in result.

## FACTUAL/PROCEDURAL BACKGROUND

This case involves tort claims against Dow by Henry W. Glass and Gregory T. Shelnutt ("Workers"). Dow manufactures a chemical compound known as Sarabond, a mortar additive. Sarabond was added to mortar used in constructing facade panels for a building at the Medical University of South Carolina ("MUSC"). When the panels began to crack, Dow agreed to settle its dispute with MUSC by completely replacing the facade of the building with a non-Sarabond product.

In order to discharge its obligation under this agreement, Dow contracted with Anatek, Inc. ("Anatek"), a company it engaged to supervise the specialized Sarabond replacement work. Anatek then entered into an agreement with Continental Masonry Corporation ("Continental") for the removal and replacement of the panels. Continental then contracted with Workers' immediate employer, River City Rigging Company. As welders, Workers were responsible for removing the bolts and clips that held the panels in place. Allegedly, because the bolts and clips were painted with lead paint, they emitted highly toxic lead fumes when the Workers heated them with cutting torches. Workers further allege that they suffered permanent disability from lead poisoning.

Workers initiated this action against Dow and Anatek, alleging negligence and ultra-hazardous activity. Dow and Anatek defended by averring that Workers were statutory employees whose exclusive remedy was under the Workers' Compensation Act. The trial judge found that Workers were not statutory employees and struck this defense from Anatek's and Dow's answers. The Court of Appeals affirmed. *Glass v.*

*Dow Chem. Co.,* 316 S.C. 116, 447 S.E.2d 209 (Ct.App.1994). We granted Dow's petition for a writ of certiorari.

## LAW/ANALYSIS

Dow argues that the Court of Appeals erred in finding Workers were not statutory employees [1] whose exclusive remedy is under the workers' compensation statute. Specifically, Dow disputes the Court of Appeals' finding that Dow's replacement of certain facade panels did not constitute a necessary or important part of Dow's business.

■ To be statutory employees under the Workers' Compensation Act, Workers must be engaged in an activity that "is a part of [Dow's] trade, business or occupation." S.C.Code Ann. § 42–1–400 (1976). This statutory requirement has been construed to include activities that: (1) are an important part of the trade or business of the employer, (2) are a necessary, essential, and integral part of the business of the employer, or (3) have been previously performed by employees of the employer. *Woodard v. Westvaco Corp.,* 315 S.C. 329, 337, 433 S.E.2d 890, 894 (Ct.App.1993), *vacated on other grounds,* 319 S.C. 240, 460 S.E.2d 392 (1995); *Bailey v. Owen Elec. Steel Co.,* 298 S.C. 36, 39, 378 S.E.2d 63, 64 (Ct.App.1989), *rev'd on other grounds,* 301 S.C. 399, 392 S.E.2d 186 (1990). Only one of these tests must be met in order for a subcontractor's employees to be considered the statutory employees of the owner. *See Woodard,* 315 S.C. at 337, 433 S.E.2d at 894. Since no easily applied formula can be laid down for determining whether work in a particular case meets these tests, each case must be decided on its own facts. *See Ost v. Integrated Prods., Inc.,* 296 S.C. 241, 244, 371 S.E.2d 796, 798 (1988).

■ South Carolina courts have repeatedly held that determination of the employer-employee relationship for workers'

---

1. The statutory employee doctrine converts conceded non-employees into employees for purposes of the Workers' Compensation Act. The rationale is to prevent owners and contractors from subcontracting out their work to avoid liability for injuries incurred in the course of employment. When such owners and contractors are deemed statutory employers, their statutory employees are limited by the exclusivity provisions of the Workers' Compensation Act, which precludes tort recovery against employers.

compensation purposes is jurisdictional. Consequently, this Court has the power and duty to review the entire record and decide the jurisdictional facts in accord with the preponderance of the evidence. *White v. J.T. Strahan Co.*, 244 S.C. 120, 125, 135 S.E.2d 720, 723 (1964); *Murray v. Aaron Mizell Trucking Co.*, 286 S.C. 351, 354, 334 S.E.2d 128, 129 (Ct.App. 1985); *Hairston v. Re: Leasing, Inc.*, 286 S.C. 493, 496, 334 S.E.2d 825, 826 (Ct.App.1985). Because the preponderance of the evidence in this case indicates that replacement of the MUSC facade is not a part of Dow's trade under any of the three tests, the Workers are not statutory employees of Dow.

## A. REPLACEMENT OF PRODUCT AS IMPORTANT PART OF TRADE

In *Marchbanks v. Duke Power Company*, 190 S.C. 336, 366, 2 S.E.2d 825, 837 (1939), this Court held that a person who was injured while weatherproofing a power company's transmission pole was a statutory employee of the power company because the activity was an important part of the company's business. Here, Workers are not statutory employees of Dow because replacing the facade panels containing Sarabond with the product of another manufacturer is not an important part of Dow's business. Workers' activities were not related to the basic operation of Dow's business of manufacturing Sarabond. Instead, Workers' activities stemmed simply from Dow's desire to avoid litigation costs.

Additionally, where repairs are major, specialized, or of the sort which the employer is not equipped to handle with its own work force, they are not part of the business. Arthur Larson & Lex K. Larson, The Law of Workmen's Compensation § 49.16(e) (1996). Here, the major task of dismantling the outer walls of MUSC and of completely replacing facade panels required technical knowledge that was highly specialized. Additionally, Dow was completely unable to handle the repairs with its own work force because its immediate employees were not trained in construction.

## B. REPLACEMENT AS A NECESSARY, INTEGRAL, OR ESSENTIAL PART OF BUSINESS

Dow's complete replacement of the facade panels containing Sarabond with panels containing the product of anoth-

er manufacturer was not a necessary, integral, or essential part of its business. *See Woodard,* 315 S.C. at 338, 433 S.E.2d at 895 (holding manufacturer a statutory employer because transportation of chemical was necessary to continue normal production); *see also Raines v. Gould, Inc.,* 288 S.C. 541, 547, 343 S.E.2d 655, 659 (Ct.App.1986) (holding installation of an electrical system at manufacturer's plant was not required for functioning of manufacturer's operations of making and selling batteries); *Hairston,* 286 S.C. at 498, 334 S.E.2d at 827–28 (holding transporting cars was essential to the leasing and sale of automobiles). Dow's basic operation of manufacturing Sarabond is not dependent on making the replacements at MUSC. Regardless of how Dow determines to settle its dispute with MUSC, the manufacturing of Sarabond can continue.

Citing *Adams v. Ford Motor Company,* 573 F.2d 1182, 1186 (10th Cir.1978), Dow argues that ensuring the quality of one's own product by servicing and repairing it is a necessary part of business. In *Adams,* the Tenth Circuit found that a car manufacturer was entitled to the protection of the statutory employer defense when a car dealership's employee asserted a claim involving injuries incurred when an automobile was brought in to the dealership for warranty repairs. The court based its holding on the finding that the granting of warranties to purchasers of the car manufacturer's products contemplated the possibility of significant amounts of work to be done by repairmen at dealerships. *Id.*

*Adams* differs from this case in two principal ways: The inclusion of a service contract at the time of purchase and the presence of a network of dealerships available to handle maintenance concerns both demonstrate the frequency of service and repairs that the *Adams* defendant anticipated. In contrast, Dow did not enter into a service contract for Sarabond at the time of purchase. Instead of being a part of the basis of the bargain, Dow's agreement to make the replacements stemmed from a simple desire to settle a claim and avoid litigation costs. Additionally, the network of dealerships equipped to handle maintenance under the service contract in *Adams* indicated an understanding that frequent repairs would be required. However, settlement of a lawsuit happens only occasionally and, unlike the provision of a network of

service centers, is not an important factor in the promotion and marketing of the product.

## C. PREVIOUS PERFORMANCE OF WORK BY PRINCIPAL'S REGULAR EMPLOYEES

Because the record clearly indicates that none of Dow's regular employees have ever engaged in construction work, Dow does not contend that it can prevail on its statutory employer defense under this test.

## CONCLUSION

For the foregoing reasons, the Court of Appeals' decision is **AFFIRMED IN RESULT.**

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.