**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rey Perez, Claimant, Respondent,

v.

The Lamar Group, LLC, and/or Green Valley Country Club, Employer, and Bridgefield Casualty Insurance Company, Carrier, Respondents,

and

South Carolina Uninsured Employers Fund, Appellant.

Appellate Case No. 2017-001422

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2019-UP-229
Submitted May 8, 2019 – Filed June 26, 2019

———————

**AFFIRMED**

———————

David Hill Keller, of Turner Padget Graham & Laney, PA, of Greenville, for Appellant.

Tracy Welsh Tiddy, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents Green Valley Country Club and Bridgefield Casualty Insurance Company.

Kathryn Williams and Donald E. Kamb, Jr., both of Williams & Kamb, LLC, of Greenville, for Respondent Rey Perez.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Posey v. Proper Mold & Eng'g, Inc.*, 378 S.C. 210, 216, 661 S.E.2d 395, 398 (Ct. App. 2008); ("[T]his court has the power and duty to . . . decide the jurisdictional facts in accord with its view of the preponderance of the evidence."); S.C. Code Ann. § 42-1-400 (2015) (establishing that a subcontractor's worker is a statutory employee of an owner if the activity is "part of [the owner's] trade, business[,] or occupation"); *Poch v. Bayshore Concrete Prods./S.C., Inc.*, 386 S.C. 13, 25, 686 S.E.2d 689, 695 (Ct. App. 2009) (establishing the following three-factor test for determining whether an activity is in the trade or business of an owner who hires a contractor or subcontractor: "(1) whether the activity is an important part of the trade or business, (2) whether the activity is a necessary, essential and integral part of the business, and (3) whether the identical activity in question has been performed by employees of the principal employer" (quoting *Bailey v. Owen Elec. Steel Co. of S.C.*, 298 S.C. 36, 39, 378 S.E.2d 63, 64 (Ct. App. 1989))); *Raines v. Gould, Inc.*, 288 S.C. 541, 543–47, 343 S.E.2d 655, 657–59 (Ct. App. 1986) (holding an injured construction worker employed by a subcontractor was not the statutory employee of a manufacturing company even when the manufacturer "prepare[d] the specific designs for certain parts of the facilities . . . overs[aw] such designs, approve[d] engineering plans and, in some instances, provide[d] supervisory personnel to provide general assistance in the contacting of the contractors and subcontractors and coordinating their activities").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.